UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AL MADANY ISLAMIC CENTER OF NORWALK INC.

: Case Number: 3:12-CV-00949(RNC)

Plaintiff,

vs.

CITY OF NORWALK AND
ZONING COMMISSION OF THE CITY OF NORWALK

Defendant          : DECEMBER 4, 2012

## STONEGATE CONDOMINIUM ASSOCIATION INC.'S RENEWED MOTION TO INTERVENE AS A PARTY DEFENDANT AS TO COUNT VII ONLY

On August 15, 2012, the movant, Stonegate Condominium Associaton, Inc., moved through counsel, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for permission to intervene as a party defendant as to Count VII only of the plaintiff's complaint.(See, Docket Entry No. 30). In support of said Motion to Intervene, the movant set forth the following:

1.     The issue underlying the plaintiff's complaint concerns the denial of a special permit application by the City of Norwalk Connecticut Zoning Commission.

2.     Pursuant to Conn. Gen. Stat. § 8-8 any party who is aggrieved by the denial of a special permit application by a zoning commission may commence an appeal of such decision to the superior court for the judicial district in which the municipality is located.

1

3. Count VII constitutes the plaintiff's appeal pursuant to Conn. Gen. Stat. § 8-8 of the denial of its special permit application by the Norwalk Zoning Commission.

4. Plaintiff has commenced this action before this Court asserting several Federal questions and ostensibly asserts that this Court has supplemental jurisdiction pursuant to 28 U.S.C 1367(a), over its state law appeal set forth in Count VII.

5. Pursuant to Conn. Gen. Stat. § 8-8(1) an aggrieved person includes any "person owning land that abuts or is within a radius of one hundred feet of any portion of the and involved in the decision of the board."

6. The movant, Stonegate Condominium Association Inc.'s property is located directly across a public street, well within the one hundred foot radius set forth in Conn. Gen. Stat. §8-8(1) and, as such, had the City of Norwalk Zoning Commission granted the plaintiff's special permit application, the movant would have been entitled to take an appeal of that decision as of right.

7. The movant, Stonegate Condominium Association Inc., had a statutory interest in the application for Special Permit and, acting through its officers and members, participated in the hearing before the City of Norwalk Zoning Commission, including but not limited to the presentation of live and written testimony of its members and by retaining an expert traffic engineer who testified at the hearing before the Commission.

8. The movant, Stonegate Condominium Association Inc. and its members have an interest in the proper development of property within the statutory one hundred foot radius,

2

which interest is both common and distinct of that of the City of Norwalk and the City of Norwalk Zoning Commission.

9. The movant, Stonegate Condominium Association Inc.'s interest, cannot be adequately protected unless it is permitted to intervene as to Count VII.

10. Permitting the movant, Stonegate Condominium Association Inc. to intervene in this action will not unduly or unfairly prejudice the original parties or delay the action and the movant stands ready to proceed to trial at the convenience of the court and original parties.

11. Both the plaintiff and defendants' have, through counsel, consented and agreed to the movant's intervention in this matter.

12. This Motion to Intervene is not accompanied by a pleading as pursuant to Conn. Gen. Stat. § 8-8 the ordinary course of an appeal such as it set forth in Count VII does not require a pleading at this time. Specifically, an appeal pursuant to Conn. Gen. Stat. § 8-8 generally proceeds as follows:

> A.   The municipality files and provides the parties a copy of the record before the commission.
>
> B.   After receipt of the return of record, the plaintiff will file a legal brief outlining the reasons the commission's decision must be overturned or reversed.
>
> C.   After receipt of the plaintiff's brief the defendant(s) file its/their response, ostensibly objecting to the grounds articulated by the plaintiff and arguing why the commission's decision should be upheld or was otherwise proper.

3

D.    After receipt of the defendant(s)' brief the plaintiff files its reply thereto
      and the issues are joined.

E.    A trial at where evidence extrinsic to the record is generally prohibited and
      which essentially resembles an appellate argument is held concerning the
      briefs.

As such, generally speaking the only "pleading" that the movant would generally file in
an appeal pursuant to Conn. Gen. Stat. § 8-8 would be a legal brief as set forth above. As neither
the return of record nor plaintiff's brief have been filed it is not the proper time to file such a
brief at this stage of the proceedings.

Subsequent to the filing of the Motion to Intervene, the plaintiff filed a formal pleading
indicating that there was no opposition to the Motion to Intervene. (See, Docket Entry No. 33).

On September 18, 2012, Judge Robert N. Chatigny denied the movant's Motion to
Intervene without prejudice, specifically stating, in relevant part, that "Plaintiff claims that this
Court has supplemental jurisdiction over this appeal; defendants deny that such jurisdiction
exists. If the Court determines that it has subject matter jurisdiction over the appeal, movant may
renew its motion to Intervene." (See, Docket Entry No. 35).

On November 29, 2012, the defendant,  the City of Norwalk Zoning Commission, held a
special meeting. The purpose of the special meeting was the "discussion" of the instant litigation
in executive session and, the "possibi[lity]" of "action" on the instant litigation. (See, Exhibit 1
hereto). Nowhere in the published special meeting agenda did it disclose that settlement would
be discussed or entertained as a motion or resolution of the Commission. According to the

4

minutes of the Special Meeting a resolution was passed on a six to one vote that stated, in its entirety, "Be It Resolved that subject to an agreement on the terms and conditions of the final settlement agreement, we consent to allow for zoning approval for the mosque and accessory use building."

Upon information and belief, the only logical conclusion that may be drawn from the defendant City of Norwalk Zoning Commission's actions is that the plaintiff and defendants intend to submit a proposed settlement to the court for its approval. Intervention by the movant is appropriate for each of the following reasons:

1.     The movant should be permitted to intervene in order to ensure that the question of subject matter jurisdiction is resolved. The defendants, City of Norwalk and City of Norwalk Zoning Commission raised the question of subject matter jurisdiction over the plaintiff's Conn. Gen. Stat. § 8-8 appeal set forth in Count VII. While it stands logic upon its head for the defendants to challenge subject matter jurisdiction on October 23, 2012, only to approve a settlement that it now appears it will ask the court to review, it does not alter the fact that subject matter jurisdiction has been challenged. The defendants have not withdrawn their affirmative defenses and the parties cannot confer subject matter jurisdiction upon the court by agreement, thus the issue must be expressly resolved by the court.

2.     In addition, were the Court to consider the parties seeking approval of a settlement to be a tacit acknowledgement of subject matter jurisdiction, the movant has the right to re-new its motion pursuant to Judge Chatigny's previous order. While intervention in the plaintiff's appeal is permissive, it would be the height of unfairness to deny intervention where, as here, the

5

movant sought to intervene almost immediately after the matter was commenced, neither the plaintiffs nor defendants objected to the Motion to Intervene, which was only denied due to the question of whether the Court had subject matter jurisdiction over Count VII, a position that is apparently no longer being maintained by the defendants.

Moreover, the very conduct of the parties makes intervention by the movant more necessary and critical. The current process undertaken by the parties to settle this case gives every essence of being intentionally designed to ensure that the movant's voice is not heard. Specifically, the movant sought to intervene as to only a single count. It now appears that either the defendant no longer questions subject matter jurisdiction or that the plaintiff and defendants are intentionally avoiding the issue so as to ensure that the movant cannot intervene. This could not have been what the Court contemplated when denying the original Motion to Intervene.

Intervention here is also appropriate in light of the fact that the action taken by the City of Norwalk Zoning Commission do not constitute the proper approval of a settlement. Count VII is a land use appeal pursuant to Conn. Gen. Stat. § 8-8. Such a claim may not be withdrawn or settled without court approval. See, Conn. Gen. Stat. § 8-8(n). Further, Conn. Practice Book § 14-7A, defines the parameters of the necessary hearing and states the following,

> No appeal under General Statutes, §§ 8-8 or 22a-43 shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the superior court and such court has approved such proposed withdrawal or settlement. No decision that is appealed under General Statutes, §§ 8-8 or 22a-43 shall be modified by settlement or stipulated judgment unless the terms of the settlement or stipulated judgment have been approved at a public meeting of the municipal agency that issued the decision. The proposed settlement shall be identified on the agenda of such meeting, which agenda shall be posted in accordance with the applicable

6

requirements of General Statutes, §§ 1-210 et seq., and the reasons for such approval shall be stated on the record during such public meeting of such agency and before the court.

There can be no real dispute that the agenda of the special meeting wholly failed to set forth any indicia that a settlement was to be discussed, much less proposed. Further, it is inarguable that the resolution adopted by the Commission fails to "state the terms of the settlement." Finally, it is equally beyond dispute that the Commission wholly failed to state "the reasons for such approval . . . on the record during" a public meeting. Thus, it is clear that the actions of the defendant, City of Norwalk Zoning Commission, fail to comply with either Conn. Gen. Stat. § 8-8(n) or Conn. Practice Book Section 14-7A making the parties submission to the court a statutorily ineffective settlement. While the movant can, and likely will, directly appeal the Commission's improper action and, may also, file a complaint with the Connecticut Freedom of Information Commission, such avenues of relief are collateral to the movant's rights to intervene in the instant case[1].

Further, said defects notwithstanding, should the movant be prohibited from intervening, there would be no party to raise such issues when the Court holds a hearing to consider the parties submission[2]. It is important to consider the purpose of a Conn. Gen. Stat .§ 8-8(n)

---

[1] While it is acknowledged that intervention is permissive, it is the undersigned's knowledge that under circumstances such as those presented by plaintiff's Conn. Gen. Stat. § 8-8 appeal, Connecticut Superior Court's would generally permit intervention.

[2] It is important to note that, it is irrelevant which count of the complaint serves as the basis of the settlement. Any settlement that involves zoning approval to construct any project on the subject property would have the necessary effect of resolving Count VII. Under such circumstances a hearing compliant with Conn. Gen. Stat. § 8-8(n) is mandatory. See, Diamond 67, LLC v. Planning and Zoning Commission of the Town of Veron, 127 Conn. App.

7

hearing. "A hearing held pursuant to § 8-8(m) thus serves to protect the public interest by guarding against any attempt on the part of the settling parties to evade judicial review and scrutiny by potentially aggrieved landowners.."[3]. <u>Brookridge District Association v. Planning and Zoning Commission of the Town of Greenwich, et. al.</u>, 259 Conn. 607, 616 (2002). As it is virtually impossible to conceive of a set of facts whereby the plaintiff or defendants identify or present the defects in the alleged settlement agreement or Commissions actions, without the movant's intervention, the purpose of protecting the public interest through the <u>Conn. Gen. Stat.</u> § 8-8(n) hearing would be thwarted.

WHEREFORE, for the foregoing reasons, The movant, Stonegate Condominium Association, Inc. re-news its previous motion and once against moves that it be allowed to intervene as a party defendant to Count VII only.

_____

634, 646 (2011)(settlement of mandamus action necessarily resolves administrative appeal and thus a hearing compliant with <u>Conn. Gen. Stat.</u> § 8-8(n) must be held).

[3] The hearing requirements for settlement or withdrawal of a land use appeal originally set forth in <u>Conn. Gen. Stat.</u> § 8-8(m) were transferred to <u>Conn. Gen. Stat.</u> § 8-8(n). <u>See</u>, Public Act 01-47 § 1. <u>See</u>, <u>Brookridge</u>, 259 Conn. at 616, fn8.

8

Respectfully submitted,
Stonegate Condominium Association

Marc J. Grenier ct 10545
DePanfilis & Vallerie, LLC
25 Belden Avenue
P.O. Box 699
Norwalk, CT 06852-0699
(203) 846-9585
Fax: (203) 847-2849
E-mail:mgrenier@dandvlaw.com

## CERTIFICATION

I hereby certify that on December 4, 2012, a copy of the foregoing Motion to Intervene

was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of

this filing will be sent by e-mail to all parties by operation of the court's electronic filing system,

or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic

Filing. Parties may access this filing through the court's CM-ECF System.

John F. Fallon
John F. Fallon, Esq.
53 Sherman Street
PO Box 541
Fairfield, CT 06824
203-256-3247
Faz (203) 256-8796
Email: JFFallon@snet.net

9

Lawrence Stierhoff
Wilmer, Cutler, Pickering, Hale & Dorr, LLP-NY
7 World Trade Center
New York, NY 10007
212-295-6264
Fax: 212-230-8888
Email: lawrence.stierhoff@wilmerhale.com

Peter K. Vigeland
Wilmer, Cutler, Pickering, Hale & Dorr, LLP-NY
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-230-8807
Fax: 212-230-8888
Email: peter.vigeland@wilmerhale.com

Robert L. Greene
Storzer and Greene P.L.L.C – NY
110 Wall Street, 11th Floor
New York, NY 10005
212-943-4343
Fax 202-315-3996
Email: greene@storzerandgreene.com

Roman P. Storzer
1025 Connecticut Ave, NW, Suite 1000
Washington, DC
2020857-9766
Fax 202-315-3996
Email: storzer@storzerandgreene.com

Sadaf R Abdullah
Wilmer, Cutler, Pickering, Hale & Dorr, LLP-NY
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-937-7247
Fax: 212-230-8888
Email: sadaf.abdullah@wilmerhale.com

10

Victoria J Lee
Wilmer, Cutler, Pickering, Hale & Dorr, LLP-NY
7 World Trade Center
New York, NY 10007
212-295-6473
Fax: 212-230-8888
Email: victoria.lee@wilmerhale.com

Emily E Cosentino
Howd & Ludorf, LLC
65 Wethersfield Ave.
Hartford, CT 06114-1190
860-249-1361
Fax: 860 249-7665
Email: ecosentino@hl-law.com

Robert F. Maslan , Jr.
Corporation Counsel
City of Norwalk Law Department
P.O. 799
Norwalk, CT 06854-0799
203-854-7750
Fax: 203-854-7901
Email: rmaslan@norwalkct.org

Thomas R. Gerarde
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT 06114-1190
860-249-1361
Fax: 860-249-7665
Email: tgerarde@hl-law.com

Marc J. Grenier, ct 10545

# EXHIBIT 1

# * Special Meeting Notice *

There will be a Special Meeting of the Zoning Commission on Thursday, November 29, 2012 at 6:00 pm in the Planning & Zoning Conference Room (Room 220), City Hall; 125 East Ave.

### Agenda

I.     Call to Order

II.    Roll Call

III.   Executive Session – Discussion of Litigation:  #12-11SP – Al Madany Islamic Center – 127 Fillow Street – Mosque & multi purpose hall

IV.    Possible action on Litigation relating to #12-11SP – Al Madany Islamic Center – 127 Fillow Street – Mosque & multi purpose hall

V.     Adjourn



OFFICE OF MAYOR
CITY CLERK

NOV 1 9 2012

RECEIVED