UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC | : | NO.: 3:12-CV-00949-RNC |
| | : | |
| v. | : | |
| | : | |
| CITY OF NORWALK, CONNECTICUT and CITY OF NORWALK ZONING COMMISSION | : : : | DECEMBER, 20, 2012 |

**JURY TRIAL DEMANDED**

## ANSWER AND AFFIRMATIVE DEFENSES

The defendants, City of Norwalk, Connecticut and City of Norwalk Zoning Commission, hereby submit the foregoing answer and affirmative defenses.

## NATURE OF ACTION

1. As to Paragraphs 1-4 these defendants do not have sufficient knowledge or information upon which to base a belief or opinion and, therefore, leave the plaintiffs to their burden of proof. The remainder of paragraph 2 is denied.

## PARTIES

1. The defendants admit paragraphs 2, 3, 57, 65, 66, and 85.

2. As to paragraphs 1, 4-34, 36-56, 58-64, 67-70, 72-84, 86, 92-95, 99-105, 110, 114, 116-118, 122, 124-26, 131, 136, 139-40, 146-52, 155-57, 160-97, 200, 201, 203, 221 and 222 these defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiffs to their burden of proof.

3. The defendants deny paragraphs 35, 71, 106-07, 109, 119-20, 127-28, 130, 135, 141-43, 145, 153, 159, 198-99, 202, 205, 207, 209, 211, 213, 215, 216, 218, 220, and 224.

4. The defendants do not answer paragraphs 87-91, 96-98, 108, 111-13, 115, 121, 123, 129, 132, 134, 137, 138, 144, 154, 158, as the documents referenced in said paragraphs speak for themselves.

## **BY WAY OF AFFIRMATIVE DEFENSE**

### **As to Count One:**

1. The plaintiff fails to state a claim upon which relief may be granted.
2. The plaintiff's claim is not ripe for adjudication.
3. The plaintiff's claim is barred because it failed to exhaust its administrative remedies.

### **As to Count Two:**

1. The plaintiff fails to state a claim upon which relief may be granted.
2. The plaintiff's claim is not ripe for adjudication.
3. The plaintiff's claim is barred because it failed to exhaust its administrative remedies.

### **As to Count Three:**

1. The plaintiff fails to state a claim upon which relief may be granted.
2. The plaintiff's claim is not ripe for adjudication.
3. The plaintiff's claim is barred because it failed to exhaust its administrative remedies.

**As to Count Four:**

1. The plaintiff fails to state a claim upon which relief may be granted.

2. The plaintiff's claim is not ripe for adjudication.

3. The plaintiff's claim is barred because it failed to exhaust its administrative remedies.

**As to Count Five:**

1. The plaintiff fails to state a claim upon which relief may be granted.

2. The plaintiff's claim is not ripe for adjudication.

3. The plaintiff's claim is barred because it failed to exhaust its administrative remedies.

**As to Count Six:**

1. The plaintiff fails to state a claim upon which relief may be granted.

2. The plaintiff's claim is not ripe for adjudication.

3. The plaintiff's claim is barred because it failed to exhaust its administrative remedies.

**As to Count Seven:**

1. The plaintiff fails to state a claim upon which relief may be granted.

2. The court lacks subject matter jurisdiction over the plaintiff's administrative appeal.

**As to Count Eight:**

1. The plaintiff fails to state a claim upon which relief may be granted.

2. The plaintiff's claim is not ripe for adjudication.

3. The plaintiff's claim is barred because it failed to exhaust its administrative remedies.

**As to Count Nine:**

1. The plaintiff fails to state a claim upon which relief may be granted.

2. The plaintiff's claim is not ripe for adjudication.

3. The plaintiff's claim is barred because it failed to exhaust its administrative remedies.

The defendants demand a trial by jury.

        DEFENDANTS,
        CITY OF NORWALK, CONNECTICUT and
        CITY OF NORWALK ZONING
        COMMISSION

        By /s/ Thomas R. Gerarde_____
          Thomas R. Gerarde
          ct05640
          Howd & Ludorf, LLC
          65 Wethersfield Avenue
          Hartford, CT  06114
          (860) 249-1361
          (860) 249-7665 (Fax)
          E-Mail: tgerarde@hl-law.com

## **CERTIFICATION**

      This is to certify that **on December 20, 2012**, a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

John F. Fallon, Esq.
53 Sherman Street
P.O. Box 541
Fairfield, CT  06824

H. Lawrence Stierhoff, Esq.
Peter K. Vigeland, Esq.
Victoria J. Lee, Esq.
Sadaf Abdullah, Esq.
Wilmer, Cutler, Pickering, Hale
 & Dorr, LLP-NY
7 World Trade Center
New York, NY  10007

Robert L. Greene, Esq.
Storzer & Greene, P.L.L.C.-NY
110 Wall Street, 11th Floor
New York, NY  10005

Roman P. Storzer, Esq.
Storzer & Greene, P.L.L.C.-DC
1025 Connecticut Ave., NW, Suite 1000
Washington, DC  20036

Robert F. Maslan, Jr., Esq.
Corporation Counsel
City of Norwalk Law Department
P.O. Box 799
Norwalk, CT  06854-0799

Marc J. Grenier, Esq.
DePanfilis & Vallerie
25 Belden Ave.
P.O. Box 699
Norwalk, CT  06852-0699

  /s/ Thomas R. Gerarde_____
Thomas R. Gerarde