IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock corporation,<br><br>           Plaintiff,<br><br>  v.<br><br>CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION,<br><br>           Defendants. | Civil Action No. 3:12-cv-00949-RNC |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO STONEGATE CONDOMINIUM ASSOCIATION INC.'S RENEWED MOTION TO INTERVENE AS A <u>PARTY DEFENDANT AS TO COUNT VIII ONLY</u>**

**WITHOUT ORAL ARGUMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................ii

PRELIMINARY STATEMENT .......................................................................................................... 1

  I.  This Court Has Supplemental Jurisdiction Over Count VIII. ................................................. 1

  II.  Al Madany Does Not Oppose A Conditional Grant of Stonegate's
     Motion For Intervention Under Rule 24(b)(1)(B). .................................................................. 3

    A.  Stonegate's Intervention Should Be Limited To Count VIII Only. .................................. 4

    B.  Stonegate Has No Independent Standing And Can No Longer
       'Piggyback' On Defendants' Standing Either If They Choose To Settle
       Count VIII, Or If Count VIII Is Otherwise Dismissed From This Suit. .......................... 5

      1.  The Nature of Stonegate's Rights Under § 8-8. . ........................................................ 6

      2.  The Procedural Right Under § 8-8 Does Not Confer Article III
         Standing To Defend Count VIII. ................................................................................. 7

      3.  Stonegate May 'Piggyback' On Defendants' Standing
         During The Pendency Of A Dispute Between Al Madany And Defendants................ 8

    C.  Stonegate's Intervention Is Subject To The Federal Rules
       Of Civil Procedure And Other Applicable Federal Procedural Law. ............................. 9

CONCLUSION.................................................................................................................................... 9

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Abel v. Planning & Zoning Comm'n of Town of New Canaan*,
    998 A.2d 1149 (Conn. 2010) ................................................................................6, 7, 8

*Allen v. Wright*,
    468 U.S. 737 (1984) ............................................................................................6, 7, 8

*Backus v. Town of Charlotte*,
    75 F. App'x 820 (2d Cir. 2003) ....................................................................................9

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004) .........................................................................................2

*City of Chi. v. Int'l College of Surgeons*,
    522 U.S. 156 (1997) ..................................................................................................2, 3

*Cumberland Farms, Inc. v. Town of Groton*,
    808 A.2d 1107 (Conn. 2002) .....................................................................................7, 8

*Diamond v. Charles*,
    476 U.S. 54 (1986) .....................................................................................................8, 9

*Erie R. Co. v. Tompkins*,
    304 U.S. 64 (1938) ..........................................................................................................9

*Fusco v. State of Conn.*,
    815 F.2d 201 (2d Cir. 1987) ......................................................................................6, 8

*Greenwich Gas Co. v. Tuthill*,
    155 A. 850 (Conn. 1931) ...........................................................................................6, 8

*Hanna v. Plumer*,
    380 U.S. 460 (1965) .......................................................................................................9

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
    140 F.3d 442 (2d Cir.1998) .......................................................................................2, 3

*Irwin v. Planning & Zoning Comm'n of Town of Litchfield*,
    711 A.2d 675 (Conn. 1998) ......................................................................................7, 8

*Kirkland v. New York State Dept. of Corr. Servs.*,
    711 F.2d 1117 (2d Cir. 1983) ........................................................................................4

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..................................................................................................5, 7, 8

*State v. McElveen*,
   802 A.2d 74 (Conn. 2002) ....................................................................................................8

*Tazza v. Planning and Zoning Comm'n of Town of Westport*,
   319 A.2d 393 (Conn. 1972) ........................................................................................6, 7, 8

*Treglia v. Town of Manlius*,
   313 F.3d 713 (2d Cir. 2002)..................................................................................................2

*U.S. Postal Serv. v. Brennan*,
   579 F.2d 188 (2d Cir. 1978)..................................................................................................3

*Williams Island Synagogue, Inc. v. City of Aventura*,
   222 F.R.D. 554 (S.D. Fla. 2004).............................................................................................4

*Westchester Day School v. Vill. of Mamaroneck*,
   417 F. Supp. 2d 477 (S.D.N.Y. 2006), *aff'd*, 504 F.3d 338 (2d Cir. 2007) ............... 2-3

## **STATUTES & RULES**

28 U.S.C. § 1331................................................................................................................ 1-2

28 U.S.C. § 1367(a) ............................................................................................................2, 3

28 U.S.C. § 1367(c) ............................................................................................................2, 3

28 U.S.C. § 1367(c)(3).............................................................................................................3

42 U.S.C. § 1983......................................................................................................................2

42 U.S.C. § 2000cc .................................................................................................................2

Conn. Gen. Stat. § 8-2(a) .................................................................................................. 6-7

Conn. Gen. Stat. § 8-8............................................................................................... *passim*

## **RULES**

Fed. R. Civ. P. 24(a)(2).............................................................................................................4

Fed. R. Civ. P. 24(b)(1)(B) ...............................................................................................1, 4, 10

iii

Fed. R. Civ. P. 24(b)(1)(B)(2)................................................................................................3

**OTHER AUTHORITY**

7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1922 (3d ed. 2012) ................................................................................... 3-4

**PRELIMINARY STATEMENT**

Plaintiff Al Madany Islamic Center of Norwalk, Inc. ("Al Madany"), does not oppose Stonegate Condominium Association, Inc.'s ("Stonegate") Renewed Motion to Intervene As A Party Defendant As To Count VII[I] Only ("Renewed Motion"),[1] provided that the Court's grant of Stonegate's Renewed Motion is subject to three conditions. Stonegate's intervention (1) should be limited to issues involving Count VIII; (2) should only persist for so long as the defendants the Zoning Commission and the City of Norwalk, Connecticut (collectively, "Defendants") contest Count VIII and should not extend past the point in time (should it come to pass) either that the Defendants settle Al Madany's claim in Count VIII, or that Count VIII is otherwise dismissed; and (3) should be subject to federal procedure rather than state procedure. The first and third conditions arise because Stonegate's permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) is predicated on a limited statutory interest in Al Madany's appeal of the denial of Al Madany's special permit application conferred on Stonegate by Connecticut General Statutes § 8-8 ("§ 8-8"), which only provides a procedural right in Connecticut state court and which does not control procedures in federal district court. *See* Sections II.A and II.C, *infra*. The second condition arises from the requirement, under Article III of the Constitution of the United States, limiting Stonegate's intervention to the continued existence of a "case or controversy" regarding Count VIII. *See* Section II.C, *infra*.

**I.     This Court Has Supplemental Jurisdiction Over Count VIII.**

As a preliminary matter, there is no merit to Stonegate's allegation that this Court lacks subject matter jurisdiction over Count VIII. *See* Renewed Motion at 5-6. Under 28 U.S.C. §

---

[1] After Stonegate filed its Renewed Motion on December 4, 2012, (Dkt. No. 56), Al Madany filed its first Amended Complaint in which it, among other things, added an additional count for relief. As a result, the count pertaining to Al Madany's appeal of the City of Norwalk Zoning Commission's decision under Conn. Gen. Stat. § 8-8 has changed from Count VII to Count VIII. For this reason, Plaintiff's Response refers to Count VIII, even though Stonegate's Renewed Motion makes reference to Count VII.

1

1331, this Court has original subject matter jurisdiction over Counts I through VII of Al Madany's Amended Complaint, which allege violations of federal constitutional and federal statutory rights. Those counts are brought under the Constitution of the United States, 42 U.S.C. § 1983, and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq*. ("RLUIPA"). *See* Amended Complaint at 43-47, ¶¶204-18.

Vested with original jurisdiction over Counts I through VII, this Court has supplemental jurisdiction over state law claims that "form part of the same case or controversy." 28 U.S.C. § 1367(a). For the purposes of § 1367(a), state and federal claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (citations omitted) (internal quotation marks omitted). Count VIII, a statutory appeal of the Zoning Commission's decision to deny Al Madany's special permit application, derives from a common nucleus of operative fact because the decision to deny Al Madany's application is the cause of all of its injuries. *See id.*; *Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002).

Supplemental jurisdiction over local administrative appeals, such as those of Zoning Commission decisions, is mandatory where a federal court's jurisdiction is properly invoked. The Supreme Court has expressly held that "on-the-record review" of local administrative appeals fall squarely under § 1367(a). *See City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 169 (1997) ("[No] exception to supplemental jurisdiction for claims that require on-the-record review of a state or local administrative determination."). Where section 1367(a) is satisfied, "the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c)." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir.1998). *See also, e.g., Westchester Day School v. Vill. of*

2

*Mamaroneck*, 417 F. Supp. 2d 477, 560 (S.D.N.Y. 2006) ("It is beyond cavil that the claim that defendants' actions violate requirements of New York law is sufficiently related to the RLUIPA claim as to form part of the same case or controversy."), *aff'd*, 504 F.3d 338 (2d Cir. 2007) (Finding district court's resolution of merits of state law claim to be "amply supported by both the law and the record evidence." *Id*. at 351.). Stonegate has provided no basis for the Court to decline the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a) at this juncture.[2] *See Int'l College of Surgeons*, 522 U.S. at 169; *Itar-Tass Russian News Agency*, 140 F.3d at 448.

## II. Al Madany Does Not Oppose A Conditional Grant Of Stonegate's Motion For Intervention Under Rule 24(b)(1)(B).

Al Madany does not oppose Stonegate's Renewed Motion, which Stonegate explicitly brings under Fed. R. Civ. P. 24(b)(1)(B)(2). That rule states, in relevant part: "On timely motion, the court *may permit* [anyone] to intervene who…has a claim or defense that shares with the main action a common question of law or fact." *Id*. (emphasis added).

"Permissive intervention is wholly discretionary with the trial court." *U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). This Court has "very broad" discretion to permit or deny Stonegate's intervention. *Id*. at 192. Al Madany does not object to the Court's exercise of that discretion to allow Stonegate to intervene in this litigation.

But Stonegate's intervention should be consonant with the limited rights conferred on Stonegate by § 8-8, and its role should not range beyond those limited rights. For this reason, Al Madany requests that the court condition Stonegate's intervention in three respects. *See, e.g.*, 7C

---

[2] 28 U.S.C. § 1367(c) enumerates the exceptions to the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a), none of which are present in this case: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Should Al Madany's federal claims be dismissed at some future date, this Court would have the plain authority under § 1367(c)(3) to dismiss state law claims, such as Count VIII.

3

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1922 (3d ed. 2012) (A court "may[,] if it chooses[,] impose conditions on its grant of [an] application" for intervention.). *See also Kirkland v. New York State Dept. of Corr. Servs.*, 711 F.2d 1117, 1128 (2d Cir. 1983) (affirming restriction of intervenors in a class action to merely "to be heard on the reasonableness and legality" of a settlement agreement, but not making their approval necessary to its entry).

### A. Stonegate's Intervention Should Be Limited To Count VIII Only.

First, Stonegate does not, and cannot, allege that it has any ability to intervene under Counts I through VII or IX of the Amended Complaint. Stonegate's intervention is grounded solely in its "statutory interest" under § 8-8, Renewed Motion at 2 ¶ 7, based on a hypothetical decision made by the Zoning Commission, *see id*. at ¶ 6 ("[H]ad the . . . Commission granted plaintiff's special permit application, [Stonegate] would have been entitled to take an appeal of that decision."). Stonegate's "statutory interest" arises only on account of the rules governing § 8-8 appeals in the Connecticut courts. *See* Section II.B.1, *infra*. Therefore, Stonegate has neither an interest in, nor a common defense related to, Al Madany's other claims against Defendants, which are, in essence, federal civil rights claims. *See* Fed. R. Civ. P. 24(a)(2) & (b)(1)(B). *See also, e.g.*, *Williams Island Synagogue, Inc. v. City of Aventura,* 222 F.R.D. 554, 557 (S.D. Fla. 2004) (denying condominium association's motion to intervene as to RLUIPA claims, holding that it "simply cannot intervene as a defendant in an action where the Plaintiff is seeking declaratory and injunctive relief regarding a municipality's alleged violation of the mandates imposed by RLUIPA"). Accordingly, Stonegate should not be permitted to participate in Defendants' defense of Al Madany's other claims.

**B.     Stonegate Has No Independent Standing And Can No Longer 'Piggyback' On Defendants' Standing Either If Defendants Choose To Settle Count VIII, Or If Count VIII Is Otherwise Dismissed From This Suit.**

Second Stonegate does not, by itself, have Article III standing under the Constitution of the United States to defend Count VIII because it would not be injured by Al Madany's receipt of a special permit.  *See* Sections II.B.1 and II.B.2, *infra*.  While Stonegate has a "statutory interest" under Connecticut law, this interest is purely procedural and does not give rise to an injury sufficient to establish Stonegate's standing under Article III. *See* Renewed Motion at 2, ¶¶ 6-7.  To establish standing under Article III, Stonegate must demonstrate that it is threatened with "an injury in fact – an invasion of a legally protected interest which is . . . concrete and particularized."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted) (internal quotation marks omitted).

While Stonegate would have had the right to take an § 8-8 appeal in state court if the Defendants had not violated Al Madany's rights and instead issued a special permit, Stonegate presently lacks any right under § 8-8.  This lack of a present injury is insufficient to establish Stonegate's standing.  *See Lujan*, 504 U.S. at 560.  Even if Stonegate were threatened with the deprivation of its procedural right under § 8-8 to appeal an administrative decision by the Zoning Commission, this hypothesized threat fails to satisfy the underlying injury-in-fact requirement for Article III standing.   To have standing based on a deprivation of its procedural right of appeal under § 8-8, Stonegate must demonstrate that Al Madany's receipt of a special permit would cause an injury-in-fact.  *See Lujan*, 504 U.S. at 571-78.  Stonegate cannot make this showing because § 8-8 is designed to remedy public injuries, not private ones.  *See* Sections II.B.1 and II.B.2, *infra*.

While Stonegate cannot meet federal standing requirements on its own, it may piggyback

5

on the Defendants' standing to defend Count VIII. *See* Section II.B.3, *infra*. But if and when the Defendants decide to settle Count VIII, or if Count VIII is otherwise dismissed, no "case or controversy" under Article III continues to exist, and Stonegate loses its derivative standing. *See* Sections II.B.1 and II.B.2, *infra*.

### 1. The Nature Of Stonegate's Rights Under § 8-8.

The Second Circuit has expressly held that "[t]he opportunity granted abutting landowners and aggrieved persons to appeal decisions of planning and zoning commissions [by § 8-8] . . . is purely procedural and does not give rise to an independent interest protected by the fourteenth amendment." *Fusco v. State of Conn.*, 815 F.2d 201, 205-06 (2d Cir. 1987). Connecticut courts likewise recognize that "§ 8-8 merely provides [neighboring landowners with] a procedural remedy," *Abel v. Planning & Zoning Comm'n of Town of New Canaan*, 998 A.2d 1149, 1159 (Conn. 2010), and that is "no more than the legislative recognition of an additional method for establishing standing to bring an appeal [in state court]," *Tazza v. Planning and Zoning Comm'n of Town of Westport*, 319 A.2d 393, 396 (Conn. 1972).

The procedural right conferred by § 8-8 on Stonegate is grounded in the furtherance of the public interest. It does not protect any private right, in property or otherwise, held by Stonegate, because the injury that results from a violation of the zoning regulations "is general, and public in its effects, and no private right is violated, in contradistinction to the rights of the rest of the public, [such] that individuals are precluded from bringing private suits for violation" of zoning regulations. *Greenwich Gas Co. v. Tuthill*, 155 A. 850, 853-54 (Conn. 1931) (citations omitted) (internal quotation marks omitted). Thus the right conferred by § 8-8 is, in essence, a "right to have the Government act in accordance with law," *Allen v. Wright*, 468 U.S. 737, 754 (1984), because "[z]oning regulations . . . are intended to 'protect the public health, safety,

6

convenience[,] and property values,'" *Abel*, 998 A.2d at 1160 (quoting Conn. Gen. Stat. § 8-2(a)). Indeed, in an § 8-8 appeal of a Zoning Commission decision by an unsuccessful applicant, "the proper party to represent the public interest and defend [the] decision" is the Zoning Commission itself. *Tazza*, 319 A.2d at 396.

The public nature of the injury underlying Stonegate's right of appeal under § 8-8 is underscored by the limited scope of review on appeal in state court. A Connecticut court's review of a Zoning Commission's decision only "determine[s] whether the . . . [C]ommission abused [its] discretion." *Irwin v. Planning & Zoning Comm'n of Town of Litchfield*, 711 A.2d 675, 679 (Conn. 1998). Thus, an § 8-8 appeal in Connecticut state court subjects a Zoning Commission's "action . . . to review by the courts only to determine whether it was unreasonable, arbitrary or illegal," and a decision "must be sustained if an examination of the record discloses evidence that supports any one of the reasons given." *Id*. at 679-80 (citation omitted) (internal quotation marks omitted). Indeed, the resolution of an § 8-8 appeal does not even preclude the subsequent relitigation of factual issues. *Cumberland Farms, Inc. v. Town of Groton*, 808 A.2d 1107, 1118 & 1122-23 (Conn. 2002). Thus, no private injury would be remedied by Stonegate's hypothetical § 8-8 appeal.

### 2. The Procedural Right Under § 8-8 Does Not Confer Article III Standing To Defend Count VIII.

A procedural right of the type conferred by § 8-8, then, does not give rise to an injury-in-fact under Article III. A party "raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the . . . laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. *See also Allen*,

7

468 U.S. at 754.

Even if Stonegate were threatened with the deprivation of its § 8-8 right to bring an appeal, this deprivation would not give Stonegate standing in federal court because its § 8-8 right is "purely procedural." *Fusco*, 815 F.2d at 206.  *See also Lujan*, 504 U.S. at 571-78; *Abel*, 998 A.2d at 1159.  Since the injury underlying § 8-8's procedural right is a public injury, *see Abel*, 998 A.2d at 1160; *Cumberland Farms*, 808 A.2d at 1118 & 1122-23; *Irwin*, 711 A.2d at 679-80; *Tazza*, 319 A.2d at 396-97; *Greenwich Gas Co.*, 155 A. at 853-54, Stonegate would suffer no injury supporting standing under Article III of the Constitution of the United States, even if the Zoning Commission were to grant Al Madany's special permit application, *see Lujan*, 504 U.S. at 573-74; *Allen*, 468 U.S. at 754.  The fact that § 8-8, in Connecticut courts, would have provided Stonegate with standing to appeal a hypothetical decision by the Commission to grant Al Madany's application, *see Tazza*, 319 A.2d at 396, is not determinative of whether Stonegate has Article III standing because Connecticut's "state constitution contains no case or controversy requirement analogous to that found in the United States constitution[, and] . . . . the state constitution does not confine the judicial power to actual cases and controversies," *State v. McElveen*, 802 A.2d 74, 83 (Conn. 2002) (citation omitted) (internal quotation marks omitted).

### 3. Stonegate May 'Piggyback' On Defendants' Standing During The Pendency Of A Dispute Between Al Madany And Defendants.

For the time being, Stonegate may "piggyback" on the Defendants' "undoubted [Article III] standing" to defend the present action.  *Diamond v. Charles*, 476 U.S. 54, 64 (1986).  However, "an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that [it] fulfills the requirements of Art[icle][] III."  *Id*. at 68.  In the event that the Defendants and Al Madany were

to resolve Count VIII, or if Count VIII were to be otherwise dismissed, Stonegate would be required to "show that . . . [it has] Article III standing before" this Court could entertain their continued defense of a claim that Al Madany did not file against Stonegate. *Backus v. Town of Charlotte*, 75 F. App'x 820, 821 (2d Cir. 2003) (citing *Diamond*, 476 U.S. at 64 & 68). Since Stonegate cannot make this showing, *see* Sections II.B.1 and II.B.2, *supra*, Stonegate will lose its derivative standing as an Intervenor-Defendant either upon the settlement of Count VIII by Al Madany and Defendants, or upon Count VIII's dismissal.

C.   **Stonegate's Intervention Is Subject To The Federal Rules Of Civil Procedure And Other Applicable Federal Procedural Law.**

Third, § 8-8 does not control federal procedure in this Court. There is a strong presumption that federal procedure applies in federal court. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965). In order to overcome that strong presumption, a litigant must establish that "the Advisory Committee, . . . [the Supreme] Court, and Congress erred in their prima facie judgment that the Rule[s] . . . transgress[] neither the terms of the Enabling Act nor constitutional restrictions." *Id*. This showing is unlikely when a state rule presents a "nonsubstantial, or trivial, variation[] [that does] not . . . raise the sort of equal protection problems which troubled the Court in *Erie* [*R. Co. v. Tompkins*, 304 U.S. 64 (1938)]," or when the availability of the Federal Rules is "unlikely to influence the choice of a forum." *Hanna*, 380 U.S. at 468. As explained in Section II.B, *supra*, Stonegate's interest in intervening is very limited. Therefore, the high burden for overcoming the presumption that the federal rules apply is not met. *See Hanna*, 380 U.S. at 468 & 471.

**CONCLUSION**

For the foregoing reasons, the Al Madany does not oppose Stonegate's Renewed Motion, pursuant to Rule 24(b)(1)(B), but respectfully requests that the Court place following conditions on Stonegate's intervention:

(1) Stonegate's intervention is restricted to Count VIII, Al Madany's appeal of the Zoning Commission's denial of its special permit application under § 8-8;

(2) Stonegate's status as an Intervening Defendant will terminate in the event either that Al Madany and the Defendants resolve Count VIII, or that Count VIII is otherwise dismissed; and

(3) The federal procedural rules apply to Stonegate's intervention in and subsequent litigation of this action.

Respectfully submitted,

December 21, 2012                    /s/Peter K. Vigeland _____
                                     Peter K. Vigeland, admitted *pro hac vice*
                                     WILMER CUTLER PICKERING
                                       HALE AND DORR LLP
                                     7 World Trade Center, 250 Greenwich Street
                                     New York, New York 10007
                                     Tel: (212) 230-8807
                                     Fax: (212) 230-8888
                                     peter.vigeland@wilmerhale.com
                                     Fed. Bar # CT 24180

                                     John F. Fallon, Esq.
                                     53 Sherman Street
                                     Fairfield, CT 06824
                                     Phone: (203) 256-3247
                                     Fed. Bar # CT 06085

                                     Roman P. Storzer, admitted *pro hac vice*

10

                                          Robert L. Greene, admitted *pro hac vice*
                                          STORZER & GREENE, P.L.L.C.
                                          1025 Connecticut Avenue, Northwest
                                          Suite One Thousand
                                          Washington, D.C. 20036
                                          Phone: (202) 857-9766

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2012, a copy of foregoing Plaintiff's Memorandum Of Law In Response To Stonegate Condominium Association Inc.'s Renewed Motion To Intervene As A Party Defendant As To Count VIII Only was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicate on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By:/s/Peter K. Vigeland
    Peter K. Vigeland