UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., | ) ) | CIVIL ACTION NO: |
| Plaintiff, | ) ) | 3:12-cv-00949 (MPS) |
| v. | ) ) | |
| CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION, | ) ) ) | |
| Defendants. | ) | APRIL 22, 2013 |

## MOTION TO STAY DISCOVERY

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, defendants City of Norwalk and Norwalk Zoning Commission respectfully request a protective order staying additional discovery in this matter until the Court rules on defendant's pending Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Judgment on the Pleadings for Failure to State a Claim dated April 16, 2013 (Docket Entry No. 102) (the "Motion to Dismiss").[1] As set forth below, there is good cause for staying discovery pending a decision on the Motion to Dismiss.

The parties have conferred and the plaintiff does not consent to this motion while the intervening defendant, Stonegate Condominium Association, Inc., does consent.

I.      FACTUAL BACKGROUND

This action was brought by the plaintiff in June 2012 after a single decision by the Norwalk Zoning Commission (the "Commission"), in a 4-3 vote, to deny plaintiff's special

---

[1] This motion was originally filed on April 15, 2013, but refiled as No. 102 to correct a technical ECF filing error.

ORAL ARGUMENT IS REQUESTED

permit application to build a 27,000 square foot mosque and accessory building and convert an existing home on a 1.5 acre lot.  Plaintiffs' First Amended Complaint dated December 5, 2012 is brought in nine counts alleging violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), the First and Fourteenth Amendments via 42 U.S.C. § 1983, an administrative appeal under § 8-8 of the Connecticut General Statutes, and an additional religious discrimination claim under the Connecticut Religious Freedom Act, Conn. Gen. Stat. § 52-571b.  Plaintiff seeks a variety of declarations and orders along with compensatory damages, costs and attorneys fees.

The plaintiff's complaint does not allege any acts of discrimination by the Commission or by any other representative of the City of Norwalk.  Rather, the plaintiff disagrees with the Commission's decision and questions the bases for it.  In addition, plaintiff cites three existing places of worship in Norwalk -- Temple Shalom of Norwalk, the United Church of Rowayton and St. Matthew Church -- and claims that the Commission's approval of expansions proposed to those long established facilities demonstrates that the Commission was motivated by religious discrimination in voting 4 to 3 to deny the plaintiff's permit application.

The plaintiff and defendants have exchanged written discovery requests and have produced interrogatory responses and documents to each other.  The parties have also exchanged several letters and emails identifying a substantial number of discovery disputes that will soon require lengthy discussions with the Court.  As explained further below, the plaintiff's discovery requests to the defendants go far beyond inquiring about the decision that is the subject of this case and the three houses of worship that plaintiff claims are

comparable to its proposed facility.  Compliance with the plaintiff's demands would place an enormous burden in time, effort and expense on the defendants.[2]

The defendants have now moved to dismiss and/or for judgment on the pleadings as to all of the plaintiff's claims.  If successful, the Motion to Dismiss would dispose of this case in its entirety or, even if not entirely successful, it may substantially reshape the case and winnow the plaintiff's claims.

Given that the defendants have now moved to dismiss the complaint in its entirety and the discovery sought by the plaintiff would impose a tremendous burden on the defendants, it is appropriate to stay additional discovery pending resolution of the Motion to Dismiss.  The defendants are cognizant that, anticipating the future filing of a dispositive motion, their undersigned counsel verbally requested a stay of discovery during a telephonic status conference with the Court on February 14, 2013, and the Court declined the suggestion at that time.  However, that request was made before defendants had filed a formal dispositive motion articulating the bases for dismissing all of the claims in this case.  At the time of the status conference, the Court obviously had not yet had the opportunity to consider the strength of the dispositive motion that is the basis of this discovery stay application, which is one of the required considerations in ruling on a request to stay discovery.

---

[2]  The plaintiff has served discovery requests on the intervening defendant, Stonegate Condominium Association, Inc., which is the subject of a dispute between the plaintiff and the association.  The plaintiff recently served a document subpoena on Fillow Ridge Condominium Association, Inc., which is a neighboring residential condominium association across the street from the subject property.

II.     LEGAL STANDARD ON A MOTION TO STAY DISCOVERY

Rule 26(c) provides, in relevant part:

> The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery.

Fed. R .Civ. P. 26(c)(1)(A). "Rule 26 is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims. A request for a stay of discovery, pursuant to Rule 26(c), is committed to the sound discretion of the court based on a showing of good cause." *ITT Corp. v. Travelers Cas. & Sur. Co.*, 3:12CV38 RNC, 2012 WL 2944357, *2 (D. Conn. July 18, 2012). Good cause "may be shown where a party has filed (or sought leave to file) a dispositive motion." *Cuartero v. United States*, 3:05CV1161 RNC, 2006 WL 3190521, *1 (D. Conn. Nov. 1, 2006). *See also Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir.1987) (upholding trial court's decision to stay discovery pending decision on forum non conveniens motion, because permitting discovery would defeat the purpose of the motion); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources").

"[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case, and should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." *ITT Corp.*, 2012 WL 2944357 at *2; *see also In re First Constitution Shareholders Litig.*, 145 F.R.D. 291, 294

(D. Conn. 1991) ("the emphasis should be laid upon the comprehensiveness of the discovery sought and the burden occasioned thereby upon the defendants, and the relative prejudice a stay will place upon both sides").  "[A] court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Cuartero*, 2006 WL 3190521 at *1.  "A stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *ITT Corp.*, 2012 WL 2944357 at *2.

Application of these factors to the circumstances of this case weighs strongly in favor of granting the requested stay.

III.   THE BREADTH AND BURDEN OF THE REQUESTED DISCOVERY

The plaintiff has issued a First Set of Interrogatories to the Commission, Second Set of Interrogatories to the Commission, First Set of Interrogatories to the City of Norwalk, and a First Set of Document Requests to All Defendants (attached hereto as Exhibits A-D, respectively).  In the First Set of Interrogatories directed to the Commission (Exhibit A), after posing 22 interrogatories directed to the Commission's decision on the subject application, plaintiff asks the Commission to identify every "Place of Worship" in a residential zone for which the Commission has considered a special permit application, *from 1975 to the present*, and then makes a similar request for every "Non-Religious Development."  "Place of Worship" is defined to mean "any religious assembly or institutional use" or "any religious land use."  "Non-Religious Development" means "any non-religious or secular assembly or institutional land use."  The Second Set of

Interrogatories to the Commission (Exhibit B) continues the pattern by asking the Commission to identify all such applications from 1975 to the present, but to categorize them based on the reasons for denial.  The final interrogatory to the Commission asks it to identify all occasions in which it has heard testimony or received a report from plaintiff's traffic engineer, Michael A. Galante, and to provide multiple categories of information for each such occasion, including whether or not the Commission found him credible and any reasons why it did not find him credible.  Interrogatory Number 15 to the City (Exhibit C) asks the City to identify all traffic studies concerning any of four streets and conducted between 1975 and the present, whether conducted for the City or submitted to the City or any of its boards or commissions.

In its First Set of Documents Requests to All Defendants (Exhibit D), after 24 requests directed to the zoning decision at issue in this case, the plaintiff then requests documents concerning any proposed new development of a "Place of Worship" or the modification or expansion of a Place of Worship in a residential zone by any entity from 1975 to the present (Request No. 25), and makes the same request for a "Non-Religious Development" (No. 26).  Plaintiff then requests documents concerning the same two types of proposals where the Commission "has examined or relied upon traffic studies based on traffic patterns of another" similar user, for the same time period (Nos. 27 and 28). Plaintiff also requests documents concerning any special permit application by any entity (presumably at any time) concerning any one of 20 street addresses (No. 29).

Complying with the plaintiff's discovery requests would impose an enormous burden on the defendants.  Defendants have produced a database printout to the plaintiff

identifying approximately 35,000 applications that could be responsive to one or more of the plaintiff's requests. City staff would have no way of complying with the requests other than to manually retrieve thousands of hard copy application files from archives, and then review and interpret each one. Due to limited available staff time and office/conference room space, defendants likely could retrieve, review, arrange for copying/imaging and return only a handful of files per work day. This process would consume hundreds of hours of staff time, require several weeks if not months to complete, along with untold out-of-pocket expense for copying.

In addition to voluminous written discovery, the defendants will need to take and defend multiple depositions, both fact and expert, in the next few months. Fact depositions probably will number more than 10 when considering the multiple plaintiff representatives, City staff and officials, and condominium residents likely to be deposed. The plaintiff has disclosed two expert witnesses and plans to disclose a third shortly. The defendants are under upcoming deadlines to depose those experts and to identify, disclose and prepare their own experts, much which would likely take place before the Court rules on the pending Motion to Dismiss.

All of this time, effort and expense will be wasted if the Court were to grant the defendants' Motion to Dismiss. The substantial burden and cost to taxpayers in proceeding with discovery while that motion is pending strongly supports granting the requested stay.

IV.     NO PREJUDICE TO PLAINTIFF FROM A STAY OF DISCOVERY

Plaintiff will not be prejudiced by a relatively brief stay of discovery pending decision on the Motion to Dismiss. This case has tracked a relatively expedited schedule to

date, and the parties have already made some progress in exchanging written discovery requests, responses and documents.  The Return of Record has been filed by the Commission and the plaintiff has disclosed expert witnesses.  The stay requested until the Court decides the Motion to Dismiss should be relatively brief and will not hamper or burden in any way plaintiff's ability to prepare its case for trial should any portion of the Motion to Dismiss be denied.  It must also be noted that the upcoming discovery process will impose considerable burden and expense on the plaintiff, which would likewise be wasted if the Court grants the Motion to Dismiss.

V.      THE MOTION TO DISMISS HAS SUBSTANTIAL GROUNDS

The defendants' Motion to Dismiss raises substantial constitutional and other arguments that are amply supported by well-established caselaw.  In the motion, the defendants have challenged the subject matter jurisdiction of the Court on the grounds that this action is not ripe because the plaintiff has failed to exhaust the administrative remedies available to it under state law and has not yet obtained a final decision of the Commission.  The defendants have also challenged the constitutionality of RLUIPA, shown that plaintiff has failed to state a claim in most of the counts of the complaint, and argued that the Court should decline supplemental jurisdiction over the two state statutory claims.  Defendants believe that, upon preliminary review, the Court will find that the motion appears to have substantial grounds and is not unfounded in the law.

For the foregoing reasons, defendants respectfully request that the Court enter a protective order staying any further discovery in this matter until the Court rules on the defendants' Motion to Dismiss.

Respectfully submitted,

DEFENDANTS,
CITY OF NORWALK AND CITY OF
NORWALK ZONING COMMISSION

/s/ Joseph P. Williams
Joseph P. Williams (ct14809)
Amber N. Sarno (ct27777)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
Telephone (860) 251-5000
Facsimile (860) 251-5218
Email:  jwilliams@goodwin.com
Email:  asarno@goodwin.com

Robert F. Maslan, Jr. (ct07919)
Corporation Counsel
City of Norwalk Law Department
P. O. Box 799
Norwalk, CT  06854-0799
Telephone (203) 854-7750
Facsimile (203)-854-7901
Email: rmaslan@norwalkct.org

Marci A. Hamilton, *pro hac vice*
36 Timber Knoll Drive
Washington Crossing, PA  18977
Telephone (215) 353-8984
Email: Hamilton.marci@gmail.com

## CERTIFICATION OF SERVICE

I hereby certify that on April 22, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Joseph P. Williams
Joseph P. Williams

2770674v2