# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock corporation,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION,<br>　　　　　　　　Defendants. | No. 3:12-cv-00949-RNC |

**PLAINTIFF AL MADANY ISLAMIC CENTER OF NORWALK, INC.'S
FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF NORWALK
ZONING COMMISSION**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26, Al Madany Islamic Center of Norwalk, Inc. requests that the City of Norwalk Zoning Commission answer the following Interrogatories by January 26, 2013, or as required by the Federal Rules of Civil Procedure.

**DEFINITIONS**

The following terms in the Interrogatories are defined below:

1. "All" means "any and all"; "any" means "any and all"; "and" encompasses "or" and "or" encompasses "and"; "including" means "including but not limited to"; "each" shall be construed to include and encompass "all."

2. The term "Al Madany" means the Al Madany Islamic Center of Norwalk, Inc., and its present and former agents, officers, directors, employees, partners or affiliates.

3. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

4. The term "Defendant" or the "Zoning Commission" means the City of Norwalk Zoning Commission organized under Chapter 124, Section 8-1 of the Connecticut General Statues and authorized by Article II, Section 79-3 of the Code of the City of Norwalk, and its committees, present and former agents, officers, directors, employees, partners, affiliates, or other persons acting or purporting to act on its behalf.

5. The term "Non-Religious Development" means any non-religious or secular assembly or institutional land use including but not limited to retreat centers, restaurants, condominiums, cemeteries, charitable or philanthropic institution, private clubs, assembly halls, private or public schools or educational institutions, public museums, firehouses, conservation development, golf clubs, waterfront clubs, nursery schools or child day-care centers, and athletic field facilities.

6. The term "Place of Worship" means any religious assembly or institutional use including churches, synagogues, temples, mosques, monasteries or any religious land use.

7. The term "Residential Zone" means zones designated as AAA, AA, A, B, C, and D residence zones within the City of Norwalk, Connecticut, as those terms are used in the City of Norwalk's Zoning Regulations, Article 20 and Article 30, Sections 118-310 through 118-360, and according to the City of Norwalk's Building Zoning Map.

8. The term "Second Special Permit Application" means the application for a special permit by Al Madany to construct a Place of Worship submitted to the Zoning Commission on or about December 22, 2011.

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 33(d), if an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendant's records (including electronically stored information), specify, in Defendant's response to the interrogatory, the records that must be reviewed by Bates production labels or other means sufficient to enable Al Madany to locate and identify the records as readily as the Defendant could.

2. If any objection is made to any interrogatory herein, the objection shall state with particularity the bases therefor. The Defendant shall answer the interrogatory to the extent not objected to in a separate answer from the Defendant's objection. If the objection is based on the attorney-client privilege or the work product doctrine, the objection shall identify the communication and shall in addition state the basis for the claim of privilege or work product as required by the Federal Rule of Civil Procedure 26(b)(5).

3. Consistent with the requirements of Federal Rule of Civil Procedure 26(e), Defendant shall promptly serve upon Al Madany, in the form of additional or supplemental answers, any information requested in these interrogatories that may become known to Defendant after the date of Defendant's answers hereto.

4. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

5. These interrogatories shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure 26(e) and the Local Civil Rules of this Court.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the name, position or title, business address and home address of each person answering these Interrogatories on the Defendant's behalf, and for each person named, specify the individual Interrogatories that the person answered in whole or in part.

### INTERROGATORY NO. 2:

State the names, position or title, business address and home address of all persons known or believed by the Defendant to have knowledge of any facts which are relevant to the subject matters of this action, whether pertaining to the issue of liability or damages, or who have or are believed by the Defendant to have knowledge of discoverable matters pertinent to the subject matter of this action.

### INTERROGATORY NO. 3:

State each fact or circumstance upon which the Zoning Commission relied to resolve that "[t]he claimed accessory uses in the large rear building have not been clearly defined by [Al Madany] as required in the Special Permit application instructions and section 118-1450B of the regulations." Special Meeting Minutes, Section III(a)(1).

### INTERROGATORY NO. 4:

State each fact or circumstances, aside from those identified in the Zoning Commission's answers to Interrogatory 3, that the Zoning Commission considered or reviewed before resolving that "[t]he claimed accessory uses in the large rear building have not been clearly defined by [Al Madany] as required in the Special Permit application instructions and section 118-1450B of the regulations." Special Meeting Minutes, Section III(a)(1).

### INTERROGATORY NO. 5:

State each fact or circumstance upon which the Zoning Commission relied to resolve that "[Al Madany's] traffic report failed to identify any uses or analyze any uses of the rear building as required in the Special Permit application instructions and section 118-1450B of the regulations." Special Meeting Minutes, Section III(a)(2).

**INTERROGATORY NO. 6:**

State each fact or circumstances, aside from those identified in the Zoning Commission's answers to Interrogatory 5, that the Zoning Commission considered or reviewed before resolving that "[Al Madany's] traffic report failed to identify any uses or analyze any uses of the rear building as required in the Special Permit application instructions and section 118-1450B of the regulations." Special Meeting Minutes, Section III(a)(2).

**INTERROGATORY NO. 7:**

State each fact or circumstance upon which the Zoning Commission relied to resolve that "[t]he density of the use and the bulk of [Al Madany's] the buildings (118-1450C1a) is not in harmony with the general purpose and intent of the regulations, to wit, it is substantially larger than most places of worship, it would not blend well with the surrounding residential neighborhood, and could not be adequately screened from the neighbors' views." Special Meeting Minutes, Section III(a)(3).

**INTERROGATORY NO. 8:**

State each fact or circumstances, aside from those identified in the Zoning Commission's answers to Interrogatory 7, that the Zoning Commission considered or reviewed before resolving that "[t]he density of the use and the bulk of [Al Madany's] the buildings (118-1450C1a) is not in harmony with the general purpose and intent of the regulations, to wit, it is substantially larger than most places of worship, it would not blend well with the surrounding residential neighborhood, and could not be adequately screened from the neighbors' views." Special Meeting Minutes, Section III(a)(3).

**INTERROGATORY NO. 9:**

State each fact or circumstance upon which the Zoning Commission relied to resolve that "[Al Madany's] rear building is much larger than the main building (place of worship), and therefore, [the Defendant] find[s] that it does not comply with section 118-310B(4) in that it is not incidental to and customarily associated with the principal use, further, it is inconsistent with the low density nature of the zone and with local street characteristics (section 118-310A)." Special Meeting Minutes, Section III(a)(4).

**INTERROGATORY NO. 10:**

State each fact or circumstances, aside from those identified in the Zoning Commission's answers to Interrogatory 9, that the Zoning Commission considered or reviewed before resolving that "[Al Madany's] rear building is much larger than the main building (place of worship), and therefore, [the Defendant] find[s] that it does not comply with section 118-310B(4) in that it is not incidental to and customarily associated with the principal use, further, it is inconsistent with the low density nature of the zone and with local street characteristics (section 118-310A)." Special Meeting Minutes, Section III(a)(4).

**INTERROGATORY NO. 11:**

State each fact or circumstance upon which the Zoning Commission relied to resolve that "[Al Madany's] proposal to share parking with an off site church does not comply with the parking regulations (section 118-1220 H and K), to wit, no long term parking agreement was submitted, nor any proof provided that those spaces are available for use during the times needed by the applicant. Moreover, the off site parking proposal itself is acknowledgement that there is not sufficient parking on the site." Special Meeting Minutes, Section III(a)(5).

**INTERROGATORY NO. 12:**

State each fact or circumstances, aside from those identified in the Zoning Commission's answers to Interrogatory 11, that the Zoning Commission considered or reviewed before resolving that "[Al Madany's] proposal to share parking with an off site church does not comply with the parking regulations (section 118-1220 H and K), to wit, no long term parking agreement was submitted, nor any proof provided that that those spaces are available for use during the times needed by the applicant. Moreover, the off site parking proposal itself is acknowledgement that there is not sufficient parking on the site." Special Meeting Minutes, Section III(a)(5).

**INTERROGATORY NO. 13:**

State each fact or circumstance upon which the Zoning Commission relied to resolve that "[Al Madany's] rear building which is not part of the religious function is not eligible for the height exemption under section 118-810K, and therefore; it exceeds the height maximum requirement." Special Meeting Minutes, Section III(a)(6).

**INTERROGATORY NO. 14:**

State each fact or circumstances, aside from those identified in the Zoning Commission's answers to Interrogatory 13, that the Zoning Commission considered or reviewed before resolving that "[Al Madany's] rear building which is not part of the religious function is not eligible for the height exemption under section 118-810K, and therefore; it exceeds the height maximum requirement." Special Meeting Minutes, Section III(a)(6).

**INTERROGATORY NO. 15:**

State each fact or circumstance upon which the Zoning Commission relied to resolve that "[d]ue to insufficient parking, the bulk of the buildings, and the lack of screening, [Al Madany's] project will adversely impact property values and therefore does not comply with section 118-1450C(1)(h) – impact on neighborhood properties as compared to uses and structures permitted as of right." Special Meeting Minutes, Section III(a)(7).

**INTERROGATORY NO. 16:**

State each fact or circumstances, aside from those identified in the Zoning Commission's answers to Interrogatory 15, that the Zoning Commission considered or reviewed before resolving that "[d]ue to insufficient parking, the bulk of the buildings, and the lack of screening, [Al Madany's] project will adversely impact property values and therefore does not comply with section 118-1450C(1)(h) – impact on neighborhood properties as compared to uses and structures permitted as of right." Special Meeting Minutes, Section III(a)(7).

**INTERROGATORY NO. 17:**

State each fact or circumstance upon which the Zoning Commission relied to resolve that "[Al Madany's] project proposed inadequate screening and buffering (118-1450C(1)(g)) which is not in harmony with the general purpose and intent of the regulations. The proposal has not, and perhaps, cannot propose large enough plantings to screen the buildings due to their height and bulk." Special Meeting Minutes, Section III(a)(8). Special Meeting Minutes, Section III(a)(8).

**INTERROGATORY NO. 18:**

State each fact or circumstances, aside from those identified in the Zoning Commission's answers to Interrogatory 17, that the Zoning Commission considered or reviewed before resolving that "[Al Madany's] project proposed inadequate screening and buffering (118-1450C(1)(g)) which is not in harmony with the general purpose and intent of the regulations. The proposal has not, and perhaps, cannot propose large enough plantings to screen the buildings due to their height and bulk." Special Meeting Minutes, Section III(a)(8).

**INTERROGATORY NO. 19:**

State each fact or circumstance upon which the Zoning Commission relied to resolve that "[d]ue to inadequate parking as well as the bulk of the rear building and its ability to accommodate approximately 400 people seated around tables or 850 people seated in chairs we believe that [Al Madany's] project will impact stable traffic flow (118-1450C(1)(b)). [Al Madany] submitted inadequate traffic analyses with this regard and we feel that the oppositions' Traffic Engineer gave credible testimony as to adverse impact of traffic." Special Meeting Minutes, Section III(a)(9).

**INTERROGATORY NO. 20:**

State each fact or circumstances, aside from those identified in the Zoning Commission's answers to Interrogatory 19, that the Zoning Commission considered or reviewed before resolving that "[d]ue to inadequate parking as well as the bulk of the rear building and its ability to accommodate approximately 400 people seated around tables or 850 people seated in chairs we believe that [Al Madany's] project will impact stable traffic flow (118-1450C(1)(b)). [Al Madany] submitted inadequate traffic analyses with this regard and we feel that the

oppositions' Traffic Engineer gave credible testimony as to adverse impact of traffic." Special Meeting Minutes, Section III(a)(9).

**INTERROGATORY NO. 21:**
Identify with specificity all facts and circumstances, aside from those identified in Interrogatories 3 to 20, upon which the Zoning Commission relied in resolving that Al Madany's Second Permit Application should be denied.

**INTERROGATORY NO. 22:**
Identify with specificity all facts and circumstances, aside from those identified in Interrogatories 3 to 21, that the Zoning Commission considered or reviewed in resolving that Al Madany's Second Permit Application should be denied.

**INTERROGATORY NO. 23:**
Identify each Place of Worship in a Residential Zone for which the Defendant has considered a special permit application for an accessory use from 1975 to the present and state whether the accessory use was subject to an additional parking requirement and/or whether the requirement of a traffic study was waived.

**INTERROGATORY NO. 24:**
Identify each Non-Religious Development in a Residential Zone for which the Defendant has considered a special permit application for an accessory use from 1975 to the present and state whether the accessory use was subject to an additional parking requirement and/or whether the requirement of a traffic study was waived.

**INTERROGATORY NO. 25:**
Describe the Defendant's standard for determining whether a proposed use in a special permit application "conflict[s] with the pattern of highway circulation or increase[s] traffic congestion to a level of service (LOS) considered unacceptable" under the City of Norwalk's Zoning Regulations, Section 118-1450(C)(1)(b), and for determining whether the proposed use is detrimental to the safe and orderly development of any adjacent property.

Dated: December 27, 2012

_/s/ Abdullah_
Peter K. Vigeland
Sadaf R. Abdullah
H. Lawrence Stierhoff
Victoria J. Lee

*Admitted pro hac vice*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center,
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8807
peter.vigeland@wilmerhale.com
Fed. Bar #CT 24180

John F. Fallon
53 Sherman Street
Fairfield, CT 06824
Tel: (203) 256-3247
jfallon@snet.net
Fed. Bar # CT 06085

Roman P. Storzer
*Admitted pro hac vice*
STORZER & GREENE, P.L.L.C.
1025 Connecticut Avenue, Northwest
Suite One Thousand
Washington, D.C. 20036
storzer@storzerandgreene.com
Tel: (202) 857-9766

*Attorneys for Plaintiff Al Madany Islamic Center of Norwalk, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2012 I caused the foregoing Plaintiff Al Madany Islamic Center of Norwalk, Inc.'s First Set of Interrogatories to Defendant City of Norwalk Zoning Commission to be served by electronic mail and by First Class mail to the following addresses:

Thomas R. Gerarde
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1121
Tel: (860) 249-1361
Email: tgerarde@hl-law.com

Robert F. Maslan, Jr.
Corporation Counsel
City of Norwalk Law Department
P.O. 799
Norwalk, CT 06854-0799
Tel: (203) 854-7750
Email: rmaslan@norwalkct.org

Sadaf R. Abdullah, Esq.