# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock corporation,<br>　　　　　　　Plaintiff,<br>v.<br><br>CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION,<br>　　　　　　　Defendants. | No. 3:12-cv-00949-RNC |

PLAINTIFF AL MADANY ISLAMIC CENTER OF NORWALK, INC.'S
FIRST SET OF INTERROGATORIES TO DEFENDANT CITY OF NORWALK,
CONNECTICUT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26, Al Madany Islamic Center of Norwalk, Inc. requests that the City of Norwalk, Connecticut, answer the following Interrogatories by January 26, 2013, or as required by the Federal Rules of Civil Procedure.

## DEFINITIONS

The following terms in the Interrogatories are defined below:

1. The term "127 Fillow Street" means the property owned by Al Madany located at 127 Fillow Street, Norwalk, Connecticut, located at the intersection of Fillow Street and Taylor Avenue in Norwalk, Connecticut.

2. "All" means "any and all"; "any" means "any and all"; "and" encompasses "or" and "or" encompasses "and"; "including" means "including but not limited to"; "each" shall be construed to include and encompass "all."

3. The term "Al Madany" means the Al Madany Islamic Center of Norwalk, Inc., and its present and former agents, officers, directors, employees, partners or affiliates.

4. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. The term "concerning" means relating to, referring to, regarding, mentioning, reflecting, pertaining to, evidencing, involving, describing, depicting, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or part), as the context makes appropriate.

6. The term "Defendant" or "City of Norwalk" means the City of Norwalk, Connecticut, its present and former agents, officers, directors, employees, partners, affiliates, or any other persons acting or purporting to act on its behalf, and includes the Mayor and Common Council members of the City of Norwalk

7. The term "Department of Public Works" refers to the Department of Public Works of the City of Norwalk, and its present and former agents, officers, directors, employees, partners, affiliates, or any other persons acting or purporting to act on its behalf.

8. The term "First Special Permit Application" means the application for a special permit by Al Madany to construct a Place of Worship submitted to the Zoning Commission in April of 2010.

9. When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. The term "Second Special Permit Application" means the application for a special permit by Al Madany to construct a place of worship submitted to the Zoning Commission on or about December 22, 2011.

11. The term "Zoning Commission" means the City of Norwalk Zoning Commission organized under Chapter 124, Section 8-1 of the Connecticut General Statues and authorized by Article II, Section 79-3 of the Code of the City of Norwalk, and its committees, present and former agents, officers, directors, employees, partners, affiliates, or other persons acting or purporting to act on its behalf.

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 33(d), if an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing Defendant's records (including electronically stored information), specify, in Defendant's response to the interrogatory, the records that must be reviewed by Bates production labels or other means sufficient to enable Al Madany to locate and identify the records as readily as the Defendant could.

2. If any objection is made to any interrogatory herein, the objection shall state with particularity the bases therefor. The Defendant shall answer the interrogatory to the extent not objected to in a separate answer from the Defendant's objection. If the objection is based on the attorney-client privilege or the work product doctrine, the objection shall identify the communication and shall in addition state the basis for the claim of privilege or work product as required by Federal Rule of Civil Procedure 26(b)(5).

3. Consistent with the requirements of Federal Rule of Civil Procedure 26(e), the Defendant shall promptly serve upon Al Madany, in the form of additional or supplemental answers, any information requested in these interrogatories that may become known to the Defendant after the date of Defendant's answers hereto.

4. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

5. These interrogatories shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure Rule 26(e) and the Local Civil Rules of this Court.

## INTERROGATORIES

**INTERROGATORY NO. 1:**
State the name, position or title, business address and home address of each person answering these interrogatories on the Defendant's behalf, and for each person named, specify the individual interrogatories that the person answered in whole or in part.

**INTERROGATORY NO. 2:**
State the names, position or title, business address and home address of all persons known or believed by the Defendant to have knowledge of any facts which are relevant to the subject matters of this action, whether pertaining to the issue of liability or damages, or who have or are believed by the Defendant to have knowledge of discoverable matters pertinent to the subject matter of this action.

**INTERROGATORY NO. 3:**
Describe the basis for the Department of Public Works's approval of Al Madany's initial proposed driveway access to 127 Fillow Street as proposed in Al Madany's First Special Permit Application.

**INTERROGATORY NO. 4:**
Describe the basis for the Department of Public Works's approval of Al Madany's proposed driveway access to 127 Fillow Street as proposed in Al Madany's Second Special Permit Application.

**INTERROGATORY NO. 5:**
Describe the basis for the Department of Public Works's decision to reverse its approval of Al Madany's driveway access as proposed in Al Madany's First Special Permit Application.

**INTERROGATORY NO. 6:**
Identify any elected or appointed officials of the City of Norwalk who attended the Zoning Commission's meetings or hearings, formal or informal, concerning Al Madany's plans to develop 127 Fillow St.

**INTERROGATORY NO. 7:**
Identify all occasions in which the Defendant has hired Michael A. Galante of Frederick P. Associates, Inc. to provide services, including traffic reports, to the Defendant or reviewed Michael A. Galante's traffic reports as part of a special permit application.

**INTERROGATORY NO. 8:**
Identify all criteria (including standards or limitations described in the City's Zoning Regulations, Standards for Special Permits, state law, practice or custom, whether written or unwritten) imposed on land use applications to determine the permissible size, density and bulk of structures related to uses permitted by Special Permit in the AAA Residential Zone, and identify the source of such criteria.

**INTERROGATORY NO. 9:**
Identify all criteria (including standards or limitations described in the City's Zoning Regulations, Standards for Special Permits, state law, practice or custom, whether written or unwritten) imposed on land use applications to determine whether structures related to uses permitted by Special Permit in the AAA Residential Zone will "blend" with and are adequately screened from the surrounding residential neighborhood, and identify the source of such criteria.

**INTERROGATORY NO. 10:**
Identify all criteria (including standards or limitations described in the City's Zoning Regulations, Standards for Special Permits, state law, practice or custom, whether written or unwritten) imposed on land use applications to determine what buildings and/or their functions are incidental to and customarily associated with a place of worship, and identify the source of such criteria.

**INTERROGATORY NO. 11:**
Identify all criteria (including standards or limitations described in the City's Zoning Regulations, Standards for Special Permits, state law, practice or custom, whether written or

unwritten) imposed on land use applications to determine whether buildings and/or their functions are consistent with the AAA Residential Zone and local street characteristics, and identify the source of such criteria.

**INTERROGATORY NO. 12:**

Identify all criteria (including standards or limitations described in the City's Zoning Regulations, Standards for Special Permits, state law, practice or custom, whether written or unwritten) imposed on land use applications to determine the necessary parking for such use permitted by Special Permit in the AAA Residential Zone, and identify the source of such criteria.

**INTERROGATORY NO. 13:**

Identify all criteria (including standards or limitations described in the City's Zoning Regulations, Standards for Special Permits, state law, practice or custom, whether written or unwritten) imposed on land use applications to determine the acceptable impact on traffic flow by such use permitted by Special Permit in the AAA Residential Zone, and identify the source of such criteria.

**INTERROGATORY NO. 14:**

State whether each of the following users are considered to be incidental to and customarily associated with a place of worship within the City's jurisdiction: (1) classrooms; (2) offices; (3) meeting spaces; (4) multi-purpose space; and (5) recreational space.

**INTERROGATORY NO. 15:**

Identify all traffic studies, traffic reports, or other analyses of traffic flow concerning Fillow Street, North Taylor Street, Hunter Lane, or Steppingstone Road in Norwalk, Connecticut conducted between 1975 and the present, whether conducted or commissioned by the City or submitted to the City or its subordinate agencies, commissions, board, or officers, the entity that conducted such study, and the date of such study.

Dated: December 27, 2012

_____
Peter K. Vigeland
Sadaf R. Abdullah
H. Lawrence Stierhoff
Victoria J. Lee
*Admitted pro hac vice*

WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8807
peter.vigeland@wilmerhale.com
Fed. Bar #CT 24180

John F. Fallon
53 Sherman Street
Fairfield, CT 06824
Tel: (203) 256-3247
jfallon@snet.net
Fed. Bar # CT 06085

Roman P. Storzer
*Admitted pro hac vice*
STORZER & GREENE, P.L.L.C.
1025 Connecticut Avenue, Northwest
Suite One Thousand
Washington, D.C. 20036
storzer@storzerandgreene.com
Tel: (202) 857-9766

*Attorneys for Plaintiff Al Madany Islamic Center of Norwalk, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2012 I caused the foregoing Plaintiff Al Madany Islamic Center of Norwalk, Inc.'s First Set of Interrogatories to Defendant City of Norwalk, Connecticut, to be served by electronic mail and by First Class mail to the following addresses:

Thomas R. Gerarde
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1121
Tel: (860) 249-1361
Email: tgerarde@hl-law.com

Robert F. Maslan, Jr.
Corporation Counsel
City of Norwalk Law Department
P.O. 799
Norwalk, CT 06854-0799
Tel: (203) 854-7750
Email: rmaslan@norwalkct.org

/s/ Sadaf R. Abdullah
Sadaf R. Abdullah, Esq.