UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK<br><br>   *Plaintiff*,<br><br>     v.<br><br>CITY OF NORWALK, CONNECTICUT and ZONING COMMISSION OF THE CITY OF NORWALK<br><br>   *Defendants*. | Civil Action No. 3:12-cv-00949 (MPS)<br><br><br><br><br><br>June 21, 2013 |

**NOTICE OF INTERVENTION BY THE UNITED STATES OF AMERICA
TO DEFEND THE CONSTITUTIONALITY OF A FEDERAL STATUTE**

Pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1), and in accordance with the authorization of the Solicitor General of the United States, the United States hereby intervenes in this case for the limited purpose of defending the constitutionality of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), Pub. L. No. 106-274, 114 Stat. 803-807, codified at 42 U.S.C. §§ 2000cc et seq.

On or about April 16, 2013, Defendants filed a Motion to Dismiss and for Judgment on the Pleadings [dkt. no. 102] and accompanying Memorandum of Law in Support [dkt. no. 102-1] in the above captioned matter. Defendants' Motion contains a challenge to the constitutionality of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), Pub. L. No. 106-274, 114 Stat. 803-807, codified at 42 U.S.C. §§ 2000cc et seq. Specifically, Defendants argue that the land use provisions of RLUIPA are unconstitutional because (1) they violate principles of federalism and the Tenth Amendment; (2) Congress lacks power under the Commerce Clause to target state law and thus to enact the land use provisions; and (3) the land

use provisions violate the Establishment Clause. On May 6, 2013, Plaintiffs filed a Second Amended Complaint [dkt. no. 110]. On May 7, 2013, the Court denied without prejudice [dkt. no. 111] Defendants Motion to Dismiss. On June 19, 2013, Defendants' filed a Renewed Motion to Dismiss and for Judgment on the Pleadings [dkt. no. 131] and accompanying memorandum of law [dkt. no. 132] in which they renewed their challenge to RLUIPA's constitutionality.

Federal Rule of Civil Procedure 5.1(c) permits the Attorney General to intervene in an action when, as here, the constitutionality of a federal statute has been challenged. Federal Rule of Civil Procedure 24(a)(1) further permits a non-party to intervene when the non-party "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The United States is specifically authorized by federal statute to intervene in any federal action in which the constitutionality of an act of Congress is drawn into question. 28 U.S.C. § 2403(a) ("In any action . . . wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court . . . shall permit the United States to intervene . . . for argument on the question of constitutionality."). In this case, Defendants are challenging the constitutionality of RLUIPA's land use provisions, thereby calling into question the constitutionality of an act of Congress. Under these circumstances, 28 U.S.C. § 2403 explicitly confers on the United States an unconditional right to intervene. Accordingly, the United States may intervene as of right under Rules 5.1(c) and 24(a)(1).

The United States will file its memorandum in defense of the constitutionality of RLUIPA's land use provisions by July 10, 2013, the deadline set for responses to Defendants' Motion in the Court's docket entry of June 20, 2013.

Date: June 20, 2013                                  Respectfully submitted,

                                                        STUART F. DELERY
Acting Assistant Attorney General

DAVID B. FEIN
United States Attorney

JOHN R. GRIFFITHS
Assistant Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

*/s/ Robert J. Prince*
ROBERT J. PRINCE
Connecticut Federal Bar Number: phv06056
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 305 3654
Fax: (202) 616-8460
Email: robert.prince@usdoj.gov

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2013, a copy of foregoing Acknowledgment of Constitutional Challenge was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

    /s/ Robert J. Prince
ROBERT J. PRINCE
Connecticut Federal Bar Number: phv06056
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 305 3654
Fax: (202) 616-8460
Email: robert.prince@usdoj.gov

*Counsel for the United States of America*