UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock Corporation, ) ) ) | CIVIL ACTION NO: |
| Plaintiff, ) ) | 3:12-CV-00949 (MPS) |
| v. ) ) | |
| CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION, ) ) ) ) | |
| Defendants. ) | JUNE 27, 2013 |

**DEFENDANTS' MOTION FOR EXTENSION
OF TIME TO DEPOSE MICHAEL GALANTE**

Defendants City of Norwalk and City of Norwalk Zoning Commission hereby move, pursuant to Fed. R. Civ. Proc. 6(b)(1) and Local Civ. R. 7(b), for an extension of time of twenty-three (23) days from the parties' July 8, 2013 discovery conference with the Court, or until July 31, 2013, to depose Michael Galante, the plaintiff's traffic expert. In support of this Motion, defendants state as follows:

1. The current deadline to depose Mr. Galante is June 28, 2013.

2. The deposition of Mr. Galante has already been noticed and moved twice, once from June 12, 2013 to accommodate a request of plaintiff's counsel due to a personal scheduling conflict, and then from June 27, 2013 due to the disputed privilege claim described herein.

3. On June 12, 2013, defendants received a letter from plaintiff seeking the return or destruction of the March 2011 Traffic Report written by Mr. Galante, as well as two

email chains which contain conversations between representatives of the plaintiff and Mr. Galante, pursuant to Paragraph 18 of the Court's Standing Protective Order on the grounds that the documents are privileged and were inadvertently produced.

4. By letter dated June 24, 2013, defendants disputed the privilege claims asserted by the plaintiff in the aforementioned documents and notified plaintiff that they find no merit in the privilege assertion and would seek resolution from the Court on the status of those documents.

5. On June 25, 2013, defendants received from plaintiff a privilege log for documents contained in Mr. Galante's file. The log states that plaintiff withheld 130 documents as privileged on grounds similar to those stated in plaintiff's June 12, 2013 letter.

6. The parties have a telephone conference scheduled with the Court on July 8, 2013 to resolve several outstanding discovery disputes. Defendants intend to raise the issue of plaintiff's claim of privilege as to the Galante documents during that conference.

7. The documents plaintiff seeks to withhold are directly relevant to the opinions to be offered by Mr. Galante at trial and to several of the plaintiff's key claims in this case. Defendants cannot properly depose Mr. Galante without knowing the outcome of the dispute over the plaintiff's privilege assertion.

8. Assuming the Court rules on the privilege assertion on the July 8, 2013 teleconference, twenty-three (23) days from then will provide a reasonable time for plaintiff to promptly produce any additional documents and for the defendants to review those documents, consult with their expert, prepare for the deposition and identify a mutually convenient date for counsel and the experts.

9. Undersigned counsel has inquired of opposing counsel, who indicated that plaintiff would only consent to a two week extension from the date of the Court's ruling on the discovery dispute to take Mr. Galante's deposition.

10. This is Defendants' first motion for extension of time to extend the deadline for taking Mr. Galante's deposition.

WHEREFORE, defendants City of Norwalk and City of Norwalk Zoning Commission respectfully request that the Court extend the time for defendants to depose the plaintiff's traffic expert, Michael Galante, until July 31, 2013.

Respectfully submitted,

DEFENDANTS,
CITY OF NORWALK AND CITY OF
NORWALK ZONING COMMISSION

/s/ Joseph P. Williams
Joseph P. Williams (ct14809)
Katherine R. Husband (ct28564)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
Telephone (860) 251-5000
Facsimile (860) 251-5318
Email:  jwilliams@goodwin.com
Email:  khusband@goodwin.com

## CERTIFICATION OF SERVICE

      I hereby certify that on June 27, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

                                        /s/ Joseph P. Williams
                                        Joseph P. Williams

2871234v1