# THE UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO: |
| v. | ) ) | 3:12-cv-00949 (MPS) |
| | ) ) | |
| CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION, | ) ) ) ) | |
| Defendants, and | ) ) | July 22, 2013 |
| STONEGATE CONDOMINIUM ASSOCIATION, INC. | ) ) ) | |
| Intervenor-Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO
DEFENDANTS' CHALLENGES TO AL MADANY'S ASSERTIONS OF
<u>WORK-PRODUCT PROTECTION AND ATTORNEY-CLIENT PRIVILEGE</u>**

**Preliminary Statement**

Pursuant to the Court's Order, dated July 8, 2013, Al Madany Islamic Center of Norwalk, Inc. ("Al Madany") respectfully submits this Memorandum in support of its assertions of work-product protection and attorney-client privilege with regard to certain documents (1) inadvertently produced from Al Madany's files, (2) inadvertently produced from the files of Al Madany's expert witness, Michael Galante, and (3) withheld from Mr. Galante's production of relevant documents.  In particular, the defendants, the City of Norwalk and the City of Norwalk Zoning Commission ("Commission"), and intervenor-defendant Stonegate Condominium Association, Inc. (collectively, "Defendants") challenge assertions of work-product immunity and attorney-client privilege by Al Madany regarding:

  (1) Mr. Galante's draft traffic report dated March 2011 ("March 2011 Draft");
  (2) An e-mail, dated December 22, 2010, from an Al Madany Board Member to other Al Madany Board Members discussing a meeting with attorney John Fallon; and
  (3) Drafts of reports and disclosures and communications between Mr. Galante and Al Madany's attorneys from Mr. Galante's files.

**I.      All of the Withheld Documents Were Prepared in Anticipation of Litigation.**

Defendants challenge Al Madany's assertion of work-product immunity for all of these documents by maintaining that Al Madany could not have anticipated litigation at the time the documents were prepared, the earliest of which was prepared in December 2010.  This factual challenge should be rejected.

By September 2010, Al Madany anticipated litigation, as that month marked the time when neighbors organized groups such as "Keep 127 Fillow Street Residential."  Compl. ¶¶ 244-245.  By this time, Al Madany knew that the Commission proceedings would be contentious and that one of two outcomes was probable: either (1) Al Madany's application would be denied and Al Madany would file suit in state or federal court, or (2) Al Madany's application would be

1

approved and the neighbors would file suit in state court to appeal the decision. Counsel for Al Madany is prepared to submit an affidavit from the client substantiating these factual assertions. Since the March 2011 Draft, as well as other drafts of the report and the December 22 e-mail, were, in fact, prepared because Al Madany anticipated litigation, they are protected from disclosure. *See Lagace v. New Eng. Cent. R.R.*, No. 3:06CV1317, 2007 U.S. Dist. LEXIS 72540, at *5 (D. Conn. Sept. 28, 2007) (stating that for work-product protection to apply, the material "must (1) be a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative.").

It is immaterial that the March 2011 Draft and other drafts were prepared for the Commission so long as they were also prepared in anticipation of litigation. *See U.S. v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) ("[A document] should be deemed prepared in anticipation of litigation . . . if . . . the document can fairly be said to have been prepared or obtained because of the prospect of litigation." (internal quotations omitted)). That "materials serve other functions apart from litigation does not mean that they should not be protected." *See id.* (internal quotations omitted).

In addition, the March 2011 Draft was not prepared in the ordinary course of Al Madany's business, as Defendants have asserted. Whether documents are prepared in the "ordinary course of business" is an inquiry conducted from the perspective of the party asserting the privilege. *See QBE Ins. Corp. v. Interstate Fire & Safety Equip. Co.*, No. 3:07cv1883, 2011 U.S. Dist. LEXIS 16406, at *6-7, 12 (D. Conn. Feb. 18, 2011). Courts will look to whether it is "standard practice" for an organization to create the materials at issue. *See id.* at 12. For Al Madany, it was unusual, and not an ordinary business practice, to hire an expert to prepare a traffic report.

Lastly, Defendants assert that they have a "substantial need" for the March 2011 Draft because it discusses the placement of Al Madany's driveway. But Defendants cannot make a showing of substantial need for this document because this information is otherwise available or readily obtainable elsewhere. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). For example, the H.K. Associates' report, incorporated by reference into Mr. Galante's report, includes information regarding the placement of Al Madany's driveway. And nothing is preventing Defendants from asking Mr. Galante about the proper placement of the driveway during his deposition.

**II.     Work-Product Protection Extends to Draft Reports and to Mr. Galante's Communications with Al Madany's Attorneys.**

By the time that Mr. Galante was retained in November 2010 to assist Al Madany in its presentation to the Commission, Al Madany already anticipated litigation. Following Mr. Galante's retention, his documents and communications with Al Madany were prepared in anticipation of litigation and were thus protected as work-product material. *See Lagace*, 2007 U.S. Dist. LEXIS 72540, at *5. His communications with counsel for Al Madany also enjoy protection under the attorney-client privilege. *See Leone v. Owsley*, No. 12-cv-02961, 2013 U.S. Dist. LEXIS 75432, at *9-10 (D. Colo. May 29, 2013); *In re Grand Jury Subpoenas*, 179 F. Supp. 2d 270, 283 (S.D.N.Y. 2001).

Once it designated Mr. Galante as a testifying expert on April 1, 2013, Al Madany could no longer claim attorney-client privilege or work-product protection for Mr. Galante's documents and communications, save a claim of work-product immunity for two categories of documents spelled out in Rule 26(b)(4): "drafts of any report or disclosure," and "communications between the party's attorney and [the expert] witness." *See* Fed. R. Civ. P. 26(b)(4)(B) & (C); *In re The Republic of Ecuador*, 280 F.R.D. 506 (N.D. Cal. 2012).

3

All of the withheld documents concerning Mr. Galante that Defendants seek fall into one of the two categories of documents protected as work-product material under Rule 26(b)(4). Defendants' argument to the contrary simply ignores the plain text of this rule, which expressly grants work-protect immunity to draft reports and to the communications between a party's attorney and its expert. *See* Fed. R. Civ. P. 26(b)(4)(B) & (C).

### III.   Work-Product Immunity Was Not Waived Through the Inadvertent Disclosure of the March 2011 Draft.

Defendants argue that any work-product protection was waived through the inadvertent disclosure of the March 2011 Draft. After collecting the March 2011 Draft from Mr. Galante and Al Madany, WilmerHale reviewed it and found that it appeared to be a final report, one which would have been produced to the Commission. On March 27, 2013, WilmerHale produced the March 2011 Draft to Defendants as part of its rolling productions. On April 1, 2013, as part of Mr. Galante's Expert Report, WilmerHale again produced the March 2011 Draft, which WilmerHale had mistakenly included as an exhibit to that Expert Report. When WilmerHale met with Mr. Galante on June 10, 2013, he informed counsel that the report was a draft as it did not bear his signature. Two days later, counsel for Al Madany sought to claw the March 2011 Draft back from Defendants, who have refused to comply with the request.

Defendants' waiver argument is contrary to the purpose of the protection afforded by the Court's Protective Order. *See* Protective Order ¶ 18 ("[T]he inadvertent production of [attorney-client privileged or work-product protected] information shall not operate as a waiver.").

Defendants' argument is likewise inconsistent with the law on inadvertent disclosure. Courts in the Second Circuit balance four factors to determine whether inadvertent disclosure waives privilege: (1) the reasonableness of the precautions to prevent inadvertent disclosure; (2)

the time taken to rectify the error; (3) the scope of the discovery and the extent of the inadvertent disclosure; and (4) overreaching issues of fairness.  *See Expert Choice, Inc. v. Gartner, Inc.*, No. 3:03CV02234, 2007 U.S. Dist. LEXIS 21208, at *9-10 (D. Conn. Mar. 27, 2007); *United States v. United Techs. Corp.*, 979 F. Supp. 108, 116 (D. Conn. 1997).

These four factors weigh decidedly in favor of a finding of inadvertent disclosure. WilmerHale has reviewed every document for privilege and it believed that the March 2011 Draft had been submitted to the Commission as a final report.  Counsel for Al Madany notified Defendants within two days of learning of the inadvertent disclosure.  In addition, the total number of documents that Al Madany seeks to claw back—two—pales in comparison to the approximately 647 documents that Al Madany has already produced.

## IV.  The December 22 E-Mail Is Attorney-Client Privileged Because it Reflects the Legal Advice of Attorney John Fallon.

Defendants challenge Al Madany's attorney-client privilege claim with respect to the December 22 e-mail because they argue it does not reference or quote any legal advice. However, the e-mail, sent from one Al Madany Board Member to the remainder of the Board, summarizes a "confidential communication[] between client and counsel made for the purpose of obtaining or providing legal assistance."  *See Buxbaum v. St. Vincent's Health Servs., Inc.*, No. 3:12CV117, 2013 U.S. Dist. LEXIS 2246, at *6 (D. Conn. Jan. 7, 2013) (citing *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)).  Further, the inadvertent disclosure of this document does not waive privilege, as Al Madany notified Defendants within days of learning of its inadvertent disclosure and the four-factor test weighs decidedly in favor of non-waiver.  *See Expert Choice*, 2007 U.S. Dist. LEXIS 21208, at *9-10; *United Techs. Corp.*, 979 F. Supp. at 116; *see also supra* Part III.

5

Dated: July 22, 2013.

        Respectfully Submitted,

        /s/Peter K. Vigeland_____
Peter K. Vigeland, admitted *pro hac vice*
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8807
Fax: (212) 230-8888
peter.vigeland@wilmerhale.com
Fed. Bar # CT 24180

John F. Fallon, Esq.
53 Sherman Street
Fairfield, CT 06824
Phone: (203) 256-3247
Fed. Bar # CT 06085

Roman P. Storzer, admitted *pro hac vice*
Robert L. Greene, admitted *pro hac vice*
STORZER & GREENE, P.L.L.C.
1025 Connecticut Avenue, Northwest
Suite One Thousand
Washington, D.C. 20036
Phone: (202) 857-9766

*Attorneys for Plaintiff Al Madany Islamic Center of Norwalk, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that on July 22, 2013, a copy of the foregoing Plaintiff's Memorandum in Response to Defendants' Challenges to Al Madany's Assertions of Work-Product Protection and Attorney-Client Privilege was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Peter K. Vigeland
Peter K. Vigeland