THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO: |
| v. | ) ) | 3:12-cv-00949 (MPS) |
| CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION, | ) ) ) ) | |
| Defendants, and | ) ) | July 22, 2013 |
| STONEGATE CONDOMINIUM ASSOCIATION, INC. | ) ) ) | |
| Intervener-Defendants. | ) | |

**AFFIDAVIT OF FARHAN MEMON REGARDING FIRST AMENDMENT PRIVILEGE**

I, Farhan Memon, hereby declare under penalty of perjury that the foregoing are true and correct.

1. I am employed as a Vice President of Mobile Product Management and Strategy for a large consumer bank. I have been a member of the Board of Directors of Al Madany Islamic Center of Norwalk, Inc. ("Al Madany") since 2008. My position on the Board of Directors is voluntary and I do not receive any compensation for my work on behalf of Al Madany.

2. Al Madany is a Connecticut non-stock organization run by its Board of Directors ("Board"). Al Madany's religious mission, which relates to its purpose of promoting the practice of Islam among its members, includes the goal of providing worship space and religious services

to its congregation. The Board has been working to advance these and other goals since its inception.

3. To facilitate communication among the Board members, the Board maintains an active email discussion through Google's "Google Groups" platform ("Board Group"). This platform keeps a record of messages sent to the group, and automatically generates emails such communications to all group members as they are received. Both the Google Groups discussions and the emails generated by those discussions constitute Board Group discussions. We use this email discussion forum to openly and thoroughly discuss and debate issues relating to Al Madany, its congregation, its religious mission, and practical matters that are necessary to the accomplishment of its religious mission. Both the Board and Al Madany benefit from this thorough and open discussion. I have participated in and benefitted from such Board Group discussions in the past and plan to do so in the future.

4. Among the communications disseminated on the Board Group are drafts of documents that were circulated within the Board or submitted by congregants, and later made public in a final form. These drafts were circulated within the Board in order to solicit advice and comment from other Board members, to discuss proposed changes, and to devise the Board's political and religious strategy.

5. Another category of internal communications between the members of the Board shared on the Board Group relates to Al Madany's messaging strategy. These communications and draft documents relate to both the strategy for relaying messages to the congregation and Al Madany's general deployment of messages to the general public. These documents are important to planning the public relations and communications strategies of Al Madany.

6. All communications disseminated through the Board Group, unless expressly

shared with third parties, are considered by the Board to be internal and highly confidential. I expect that such communications will not be shared with individuals not on the Board.

7.      The confidential nature of these Board Group communications allows me and my fellow Board members to freely express our views and to share information in an efficient and open manner in order to further the religious mission of Al Madany.

8.      It has been and continues to be important to me that the internal Board Group communications in which I have participated will not be shared beyond the Board because I am concerned about reactions from the public and public officials with respect to the content of my communications. After the events of September 11, 2001, there has been heightened criticism, racial profiling, and other negative attention directed to those who practice the Islamic faith. My fellow Board member, Sohail Kadri, had his property fire-bombed in 2012. Because of these events and the general animus, exhibited in the media and in public fora, toward Muslims, I fear that my communications relating to my religion and the religious mission of Al Madany could and would be used by others to misconstrue and malign my intentions and the intentions of the Board.

9.      It is important to the Board that its internal Board Group communications not be disclosed to Al Madany's congregation as a whole. The Board conducts internal debates about matters related to Al Madany and its religious mission, and is elected to do so. Board members, including myself, would become inhibited in our discussions if we were unable to present a united front to the congregation. Thus, the confidentiality of these communications is important to the functioning of the Board.

10.     In the past I have used the Board Group to express my opinions and share knowledge with the rest of the Board members. I have done so in an uninhibited manner because

I am confident that my communications intended for only the Board will not be shared with other parties.

11.     Had I known that the Board Group's internal, nonpublic communications would be subject to disclosure to opposing parties in litigation or the public at large, I would have been constrained in my speech and in the expression of my thoughts and opinions about Al Madany, its religious exercise, and our religious mission. If such information were, in fact, to be disclosed to the public or to the City of Norwalk and its Zoning Commission, it would cause me to re-evaluate the extent to which I share my opinions and beliefs in my communications with the Board Group, and I would not share those opinions and beliefs as freely in such written communications in the future. This inhibition would severely burden the functioning of Al Madany as an organization, since much discussion will be lost altogether and any remaining discussion will have to be conducted exclusively at lengthy Board meetings.

Signed under the penalties of perjury on July 22, 2013.

_____
Farhan Memon

Subscribed and sworn to or affirmed before me this 22 day of July, 2013:

_____
Notary Public

LAURA ROWLAND
Notary Public, State of New York
No. 01RO5004886
Qualified in Queens County
Commission Expires 11-23-2014

4

**Certification of Service**

      This is to certify that on this 22d day of July 2013, a copy of the foregoing Affidavit of Farhan Memon Regarding First Amendment Privilege was filed electronically and served by mail on anyone unable to accept electronic filling. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Peter K. Vigeland  
      Peter K. Vigeland