THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO: |
| v. | ) ) ) | 3:12-cv-00949 (MPS) |
| CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION, | ) ) ) ) ) | |
| Defendants, and | ) ) | July 22, 2013 |
| STONEGATE CONDOMINIUM ASSOCIATION, INC. | ) ) ) | |
| Intervener-Defendants. | ) | |

**AFFIDAVIT OF H. LAWRENCE STIERHOFF**
**REGARDING FIRST AMENDMENT PRIVILEGE**

I, H. Lawrence Stierhoff, an attorney admitted *pro hac vice* to the United States District Court for the District of Connecticut, hereby declare:

1. I am an associate with the law firm of Wilmer Cutler Pickering Hale and Dorr, LLP ("WilmerHale"), attorneys for the Plaintiff Al Madany Islamic Center of Norwalk, Inc. ("Al Madany") in the above-captioned matter.

2. I have been involved in, and thus have personal knowledge of, the document review and production protocol employed by WilmerHale for producing documents in response to discovery requests propounded by the City of Norwalk, Connecticut and the City of Norwalk Zoning Commission ("Defendants' Requests").

3. Defendants' Requests seek documents and information that implicate the First Amendment rights of Al Madany, members of Al Madany's congregation, and members of Al Madany's board of directors ("Board"). As a result, WilmerHale has taken the view that the internal, nonpublic communications and other documents whose circulation is limited to Al Madany's Board and certain individual congregants are protected from disclosure by the First Amendment's privilege against compelled disclosure. WilmerHale has also taken the view that the names of non-Board congregants are protected from disclosure for the same reason.

4. WilmerHale, on behalf of Al Madany, has adopted two operating principles in document review with respect to Al Madany's assertion of First Amendment privilege. First, it has sought to redact or withhold from production information and documents protected from disclosure by the First Amendment privilege, unless the information or documents are highly relevant to the claims or defenses of any of the parties. Second, WilmerHale has sought to produce such highly relevant documents to counsel for the Defendants, unless it believes that the First Amendment interests at stake for those documents outweigh Defendants' interest in the production of those highly relevant documents.

5. WilmerHale, on behalf of Al Madany, has sought to produce documents or portions of documents falling within the following seven categories of information, with the exceptions described in paragraph 6, because WilmerHale considers them to be highly relevant to the claims and defenses at issue in this case:

    (a) Damages incurred by Al Madany;

    (b) Substantial burdens on Al Madany's religious exercise;

    (c) Discrimination against Al Madany;

    (d) Comparable religious special permit applicants;

   (e) Comparable secular special permit applicants;

   (f) Mosques in the surrounding area; and

   (g) Any additional documents or information that could be construed to undermine Al Madany's claims.

6. WilmerHale, on behalf of Al Madany, has sought to withhold or redact all documents and information that contain the names of members of Al Madany's congregation who are not members of the Board, that constitute internal drafts, or that contain messaging or strategy discussions. These documents are discussed in more detail in the Affidavit of Farhan Memon Regarding First Amendment Privilege, dated July 22, 2013, at paragraphs 4 and 5. For such documents and information, WilmerHale has taken the view that the elevated First Amendment interests at stake outweigh any interest that Norwalk might have in the disclosure of such documents.

7. Documents that fall within the categories identified in paragraph 5 but not within the exceptions identified in paragraph 6 are designated as CONFIDENTIAL in order to protect what we believe to be the legitimate expectation of Board members that this information will be kept private and confidential, pursuant to their First Amendment right to associational privacy.

Signed under the penalties of perjury on July 22, 2013.

               _____
               H. Lawrence Stierhoff
               *Admitted pro hac vice*
               WILMER CUTLER PICKERING
                HALE AND DORR LLP
               7 World Trade Center, 250 Greenwich Street
               New York, New York 10007
               Tel: (212) 295-6264
               lawrence.stierhoff@wilmerhale.com

**Certification of Service**

    This is to certify that on this 22d day of July 2013, a copy of the foregoing Affidavit of H. Lawrence Stierhoff Regarding First Amendment Privilege was filed electronically and served by mail on anyone unable to accept electronic filling. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                    /s/ H. Lawrence Stierhoff
                                                  H. Lawrence Stierhoff