UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NORWALK, et al., <br><br> Defendants. | No. 3:12-cv-949 (MPS) |

**RULING AND ORDER**

The Court held a telephonic status conference on July 8, 2013 to discuss several unresolved discovery disputes between the parties. The following summarizes the outcome of the telephonic status conference and sets forth the Court's ruling on the Plaintiff's claim of First Amendment associational privilege.

The first discovery dispute involved six of Plaintiff's interrogatories that requested Defendants to identify every application for a special permit since 1975 that was denied by Defendants for the same reasons that Plaintiff's application was denied. During the telephonic status conference, counsel for Defendants represented that, because the applications are not indexed by the categories listed in Plaintiff's interrogatories, a manual search into each special permit application file dating back to 1975 would be required to fully respond to the interrogatories. Based on the heavy burden involved in reviewing the files related to previous applications for special permits from 1975 to the present, and because the burden of doing so would be substantially the same for either party, the Court ruled that Defendants were not required to review such files in order to identify each application that was denied for the particular reason set forth in each of Plaintiff's interrogatories. However, the Court noted that,

under Federal Rule of Civil Procedure 33(d), Defendants had the responsibility to provide the Plaintiff with a reasonable opportunity to examine and make copies of the files. The Court therefore ordered Defendants to do so.

The second dispute involved twenty (20) interrogatories requesting Defendants to identify each fact or circumstance the Zoning Commission relied on to reach each the conclusions set forth in its decision denying Plaintiff's special permit application. After both parties set forth their respective positions, the Court suggested that the parties endeavor to resolve the dispute amongst themselves within fourteen (14) days of the call. On July 22, 2013, the parties reported that they reached a resolution, thus obviating the need for the Court to resolve the dispute.

The third dispute involved Plaintiff's decision to withhold certain documents based on a claimed First Amendment associational privilege. Citing *Perry v. Schwarzenegger*, 591 F.3d 1147 (9th Cir. 2009), Plaintiff argued that the First Amendment privilege protected from disclosure certain internal communications by Al Madany's Board, as well as the addresses of Al Madany's rank-and-file members. Defendants argued that the First Amendment associational privilege protects only the names of rank-and-file members, not internal Board communications or members' addresses. Because the Court lacked sufficient information to rule on the First Amendment issue during the telephonic status conference, it ordered the Plaintiff to file, within 14 days of the conference, an affidavit supporting its claim that the disclosure of the withheld material would infringe upon its First Amendment associational rights. The Court also ordered Defendants to file, within 14 days, a short brief of no more than 10 pages identifying its specific need for the documents that Plaintiff was withholding.

Having reviewed the parties' submissions [Dkt. ## 150-54], Plaintiff's claim of First Amendment privilege is SUSTAINED in part and OVERRULED in part. The Court finds that the disclosure of the addresses of Al Madany's members could have an adverse effect on Plaintiff's and its members' First Amendment associational rights, and the possible infringement on those rights outweighs any need for the information by the Defendants. Disclosure of members' addresses is therefore not required. With respect to internal communications between Al Madany Board members, the Court finds that Plaintiff has failed to make out a *prima facie* case of arguable First Amendment infringement. Although Plaintiff's affidavit explains that disclosure of internal Board communications could "chill" such communications in the future, there is no indication that it would chill membership within Al Madany or even participation on Al Madany's Board. (*See* Aff. of Farhan Memon [Dkt. # 153].) Moreover, despite the fact that disclosure could constrain future written communication inside the Board's "Google Group," there is no indication that it would chill communication in general, i.e., during in-person (or even telephonic) Board meetings. (*See id.*) The inconvenience of having to communicate orally rather than in the Board's "Google Group" does not constitute an infringement on the Board's associational rights. Even if it did, Defendants' need for the information would outweigh any potential First Amendment infringement. Plaintiff is therefore ordered to disclose all Board communications that are subject to Defendants' discovery requests, except for those communications that reveal confidential legal advice.

With respect to Defendants' objection to Plaintiff's confidentiality designations, the Court will not adjudicate the propriety of any confidentiality designations absent a showing of prejudice. Because they have not made such a showing, Defendants' objections to Plaintiff's

confidentiality designations are OVERRULED.  The parties are reminded that confidentiality designations do not by themselves require the Court to seal any documents filed by the parties.[1]

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut
             August 12, 2013

---

[1] The Court notes that there is also an outstanding dispute regarding Plaintiff's claim of work-product privilege with respect to a draft report written by its traffic expert, Michael Galante.  The Court will issue a separate ruling on that issue.