# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NORWALK, et al., <br><br> Defendants. | No. 3:12-cv-949 (MPS) |

## RULING AND ORDER

This Order addresses the remaining issues between the parties arising from, or shortly after, the discovery conference held on July 8, 2013.

1. Plaintiff's objection to the production of the March 2011 Report of Michael Galante is overruled. Plaintiff has submitted no evidence—and there is nothing in the March 2011 report itself—suggesting that it is a draft of another report or that it was prepared in anticipation of litigation. Rather, it is apparent from both the March 2011 Report and the November 2010 engagement letter that Mr. Galante was hired to prepare a report for the Plaintiff to respond to concerns raised by the City following the submission of an earlier report in September 2010 by another traffic consultant retained by the Plaintiff.[1] The express purpose of the March 2011 Report is to supplement the earlier September 2010 Report. Furthermore, given that Mr. Galante expressly refers to and incorporates the March 2011 Report in the April 1, 2013 report that he actually did prepare for this lawsuit, the Court finds that Defendants have made a sufficient

---

[1] The March 2011 Report was submitted to the Court for *in camera* review on August 26, 2013, per the Court's August 24, 2013 Order [Dkt. # 164]. The November 9, 2010 engagement

showing that they have substantial need for the report to prepare their case and cannot, without undue hardship, obtain its substantial equivalent by other means.[2]

2. Plaintiff's objection to the production of the December 21, 2010 email from Mr. Memon to the Al Madany board is overruled.[3] "The party asserting the privilege, in this case [Plaintiff Al Madany], bears the burden of establishing its essential elements," and there is no evidence that the email itself constitutes a "communication[] between a client and his or her attorney." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). Rather, it appears to be an email sent by Mr. Memon to apprise Al Madany board members of the status of the analysis of Al Madany's traffic consultant, Mr. Galante. Further, while the email makes clear that it is summarizing a meeting attended by the author, Mr. Galante, Pete Romano (a civil engineer also apparently retained by Al Madany), and Attorney John Fallon, most of the email simply digests Mr. Galante's report at the meeting concerning his analysis of the driveway. ("Michael [Galante] reviewed the findings of his work . . . ."). The remainder discusses "new engineering plans . . . to be drawn up" by the civil engineer—a topic also apparently discussed at the meeting—and the timing of the hearing. The email does not mention a single question posed to or a single statement made by Attorney Fallon, and it sets forth no other content suggesting that the purpose of the meeting being summarized was "for . . . obtaining or providing legal advice." *Mejia*, 655 F.3d at 132. For all that appears from the email, the purpose of the meeting being summarized was to obtain an update from the traffic consultant. Attorney Fallon's attendance at

---

[2] Mr. Galante's original April 1, 2013 Expert Report is attached as Exhibit B to Defendants' Memorandum of Law in Support of Objection to Plaintiff's Claim of Privilege in Expert Witness Documents [Dkt. # 150]. Although Plaintiff later served a "corrected" expert report deleting reference to the March 2011 report, (Defs.' Mem. [Dkt. #150] at 3), the fact that the March 2011 report was originally incorporated in Mr. Galante's April 1, 2013 Expert Report suggests that Plaintiff believed it was material.

[3] Like the March 2011 report, the December 21, 2010 email was submitted to the Court for *in camera* review.

the meeting does not alone make its content privileged, and it certainly does not cast the veil of privilege over a summary of the meeting apparently disseminated to all board members and not, as far as appears from the email itself, to Attorney Fallon or any other lawyer. Given the parameters of the attorney-client privilege in this Circuit, i.e., that "[i]n order to balance this protection of confidentiality with the competing value of public disclosure, . . . courts apply [the privilege] only where necessary to achieve its purpose" and "construe the privilege narrowly because it renders relevant information undiscoverable," *id.* (internal quotation marks omitted), the Court finds that the Plaintiff has failed to carry its burden of demonstrating that the December 21, 2010 email is privileged.

3. As for the voluminous communications between Mr. Galante and the Plaintiff that were withheld by the Plaintiff and submitted for *in camera* review, should the parties remain unable to resolve these issues on their own, the Court will appoint, at the parties' expense, a Special Master to resolve the privilege claims with respect to these documents. The Special Master will have full authority to require supplemental briefing, especially because the parties have provided the Court with very little guidance concerning these documents. Within ten (10) days of the date of this Order, the parties shall report to Chambers, via a joint filing, whether they have resolved any of the disputes with respect to these documents and, if so, shall identify which ones have been resolved and which ones have not been resolved. If there remain any unresolved disputes at that time, the Court thereafter shall communicate to the parties the name of a proposed Special Master, together with his or her hourly rate, so that they may advise as to any conflicts or grounds for disqualification.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
August 21, 2013