UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock Corporation, | ) ) ) ) | CIVIL ACTION NO: |
| Plaintiff, | ) ) | 3:12-CV-00949 (MPS) |
| v. | ) ) | |
| CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION, | ) ) ) ) | |
| Defendants. | ) | July 22, 2013 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S CLAIM OF PRIVILEGE IN EXPERT WITNESS DOCUMENTS**

In accordance with this Court's direction on the July 8, 2013 discovery call with the parties, defendants City of Norwalk and City of Norwalk Zoning Commission hereby submit this five-page memorandum in support of their opposition to the claim of plaintiff Al Madany Islamic Center of Norwalk, Inc. ("Al Madany") seeking to claw back a March 2011 traffic study by its traffic consultant and a December 2010 email (ALMADANY 000796-797) between Al Madany and the consultant. Similarly, the plaintiff has improperly withheld communications between Al Madany and the traffic consultant as protected by the work product doctrine. If the Court is not inclined to compel disclosure of the documents, the defendants request that the Court undertake an *in camera* review of the documents to determine whether they are entitled to protection.

**I.     Background.**

As stated in his engagement letter, Michael Galante was retained by Al Madany's consultant team in November 2010 "to assist in the preparation of a Traffic Study, which will be suitable for submission to the City." (*See* letter attached hereto as Exhibit A). The traffic study was intended to supplement the first report obtained by Al Madany and to address concerns raised regarding the plaintiff's special permit application. *Id.* The engagement letter was addressed to Al Madany's architect and executed by its president -- not by Al Madany's attorney,

who was not copied on the letter.  Nowhere in the letter does it state that Mr. Galante's report was intended to be used in litigation.  The issues to be addressed by Galante included his own concerns with the location of the proposed driveway for the mosque, as well as the intersection sight distance ("ISD") available to drivers exiting the mosque.  Galante stated that he was "very concerned with the location of the proposed access drive" and that "[t]here is concern with limited ISD, traffic control, vehicle turning conflicts and the overall safety of the operation of this intersection, with a new driveway added to the intersection."  *Id.* at 3.

Galante produced traffic reports dated March 2011, June 2011 and December 2011 along with letters in April 2012 responding to testimony during the public hearing before the Norwalk Zoning Commission.  The March 2011 report, which contains data and discussion concerning the average speed motorists actually drive on Fillow Street and the resulting required safe ISD, was not submitted to the Commission.  In June 2012, the Commission denied Al Madany's special permit application because, among other things, the project would impact stable traffic flow and the plaintiff submitted inadequate traffic analyses on this point.

In its complaint in this action, the plaintiff claims that each of the Commission's reasons for denial was a pretext for discrimination and that the Commission should have credited Galante's testimony.  Plaintiff incorporated the March 2011 report into its Complaint at Paragraph 181 in support of Galante's credibility.  Galante then was disclosed as an expert for the plaintiff.  In his Expert Report dated April 1, 2013 (attached as Exhibit B), Galante incorporated the entirety of his March 2011 report into his opinions (¶ 10) and declared under penalty of perjury that everything contained in his Expert Report was true and correct (¶ 35).  In reviewing the March 2011 report and emails produced by Al Madany, the defendants learned for the first time that Galante changed his report before submitting the June 2011 version to the Commission, and in doing so, withheld information concerning problems with the driveway location and ISD from the Commission at the behest of his client (*see* emails at Exhibit C).

Shortly before Galante was to be deposed, plaintiff sent undersigned counsel a letter seeking the return of the March 2011 report and two related emails, later withdrawing the claim

as to one of the emails (see letters attached as Exhibit D).  Plaintiff also served a "corrected" expert report deleting reference to the March 2011 report.  The documents plaintiff seeks to withhold bear on whether the plaintiff adequately and honestly addressed the ISD for vehicles traveling on Fillow Street and the impact on safe traffic flow at the site, and are not protected by any privilege.  For the reasons below, the documents must be produced.

**II.      The Documents Were Not Prepared in Anticipation of Litigation.**

The Second Circuit in *U.S. v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) held that documents are prepared "in anticipation of litigation" if, "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation."  134 F.3d at 1202 (emphasis in original).  The Court added, "it should be emphasized that the 'because of' formulation that we adopt here withholds protection from documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation.  It is well established that work-product privilege does not apply to such documents."  *Id.*

Here, neither the March 2011 report nor the December 2010 email was prepared *because of* the prospect of litigation.  As noted above, Mr. Galante was retained as a consultant to provide a report that was intended to be submitted to the Commission, clearly in an effort to obtain approval of its special permit application, not because of the prospect of litigation.  The report was written in March 2011, some nine months before Al Madany's special permit application was submitted, and as Galante stated in his engagement letter, was necessary to address his own concerns and concerns of others with the application.  Similarly, the December 2010 email was not drafted because of the prospect of litigation.  Rather, it summarizes Mr. Galante's findings and the need for revised engineering plans.  The email would have been created in essentially the same form regardless of whether the plaintiff anticipated litigation.

The plaintiff has also withheld or redacted numerous documents on the grounds that they fall within the work product or attorney client privilege.  (*See* Privilege Log of July 3, 2013, attached hereto as Exhibit E).  Correspondence between Galante and the plaintiff which occurred

prior to submission of plaintiff's application were not prepared in anticipation of litigation because they were necessary to the completion of the plaintiff's application. These documents are not protected by the work product doctrine and should be produced.

### III.     Rule 26(b)(4) Does Not Protect the Documents From Disclosure.

Plaintiff further claims that the March 2011 report is a draft expert report protected by Federal Rule of Civil Procedure 26(b)(4). This rule limits the scope of discovery as it pertains to the trial preparation of expert witnesses but does specifically call for the disclosure of certain communications. F.R.C.P. 26(b)(4)(B). It does not apply to the March 2011 report because, as demonstrated by his engagement letter, Galante was not an expert witness at the time he drafted the report, but rather a consultant hired by the architect for Al Madany to draft a report to be submitted to an administrative body in support of a special permit application.

Moreover, the March 2011 report is discoverable because it reveals facts and data that Galante considered in forming the opinions that were disclosed to the defendants in his Expert Report. Though he evidently revised the report before submitting it to the Commission, Galante specifically called out the March 2011 report for incorporation into his expert opinions, and swore to the accuracy of his Expert Report (Exhibit B). Even after seeking to claw back the March 2011 report, plaintiff's counsel confirmed, in response to a deposition notice seeking production of Galante's file, that Galante reviewed, in connection with the preparation of his Expert Report, "any documents cited in or attached to" his Expert Report. (*See* June 21, 2013 letter, attached hereto as Exhibit F).

The December 2010 email likewise is not protected by the attorney client or work product privileges. The email references a meeting with Attorney Fallon, but does not reflect any legal advice given by or requested from him, nor does it even state that Attorney Fallon received the email since the recipients are not listed. It merely references Galante's findings and the need for revised engineering plans. The email therefore should be disclosed as it, too, identifies facts that Galante considered in arriving at his opinion. Moreover, the plaintiff

4

produced several emails containing discussions about the ISD problem and the March 2011 report that the plaintiff does not seek to claw back (*see* examples attached at Exhibit C).

Finally, defendants have a substantial need for the March 2011 report and December 2010 email, neither of which can be obtained elsewhere. These documents are highly relevant to plaintiff's claims, they contain unique statements by Galante and Al Madany, and defendants cannot obtain their substantial equivalent by other means. *See* Rule 26(b)(3)(A). Defendants believe the documents will show that, while it has attacked the Commission's decision, plaintiff misled the Commission by not revealing important information directly related to public safety problems inherent in its proposed site design. Such actions may cause the defendants to consider filing additional affirmative defenses or counter-claims. As such, the documents are discoverable and should not be clawed back.

**IV.     The Plaintiff Waived Its Claim of Privilege in the March 2011 Draft Report.**

In light of both the plaintiff and Galante's reliance on the March 2011 report, any claim of privilege was waived. The work product privilege is waived where a party has placed a communication at issue in the case. *See, e.g., Granite Partners v. Bear, Stearns & Co., Inc.*, 184 F.R.D. 49, 54 (S.D.N.Y. 1999) (holding that if a privileged document is used offensively, or a litigant makes selective use of privileged materials, the privilege may be waived); *Worthington v. Endee*, 177 F.R.D. 113, 116 (N.D.N.Y. 1998) (where a litigant asserts a claim that in fairness requires examination of a privileged communication, courts have held the attorney/client privilege and the work product doctrine implicitly waived). Here, the plaintiff incorporated the March 2011 report into its Complaint and Galante incorporated it into his Expert Report. The plaintiff has put the March 2011 report at issue, and thereby waived the work product privilege.

For the foregoing reasons, the defendants respectfully request that this Court sustain their objections to the plaintiff's request to claw back Galante's March 2011 report and the December 2010 email, and to the plaintiff's withholding documents as stated in its Privilege Log of July 3, 2013. In the alternative, the defendants request that the Court conduct *in camera* review of the documents to determine whether they are entitled to protection.

Respectfully submitted,
CITY OF NORWALK AND CITY OF
NORWALK ZONING COMMISSION

/s/ Joseph P. Williams
Joseph P. Williams (ct14809)
Katherine R. Husband (ct28564)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
Telephone (860) 251-5000
Facsimile (860) 251-5218
Email:  jwilliams@goodwin.com
Email:  khusband@goodwin.com

Robert F. Maslan, Jr. (ct07919)
Corporation Counsel
City of Norwalk Law Department
P. O. Box 799
Norwalk, CT  06854-0799
Telephone (203) 854-7750
Facsimile (203) 854-7901
Email: rmaslan@norwalkct.org

Marci A. Hamilton, *pro hac vice*
36 Timber Knoll Drive
Washington Crossing, PA  18977
Telephone (215) 353-8984
Email: Hamilton.marci@gmail.com


CERTIFICATION OF SERVICE

      I hereby certify that on July 22, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  On August 27, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Joseph P. Williams
Joseph P. Williams