# EXHIBIT D

WILMERHALE

June 12, 2013

Sadaf R. Abdullah

+1 212 937 7247 (t)
+1 212 230 8888 (f)
sadaf.abdullah@wilmerhale.com

<u>Via Electronic Mail</u>

Joseph P. Williams
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919

Marc J. Grenier, Esq.
DePanfilis & Vallerie, LLC
25 Belden Avenue
P.O. Box 699
Norwalk, CT 06850

Re:     *Al Madany Islamic Center of Norwalk, Inc. v. City of Norwalk, Connecticut et. al.*

Dear Counsel,

This firm, on behalf of the Al Madany Islamic Center of Norwalk, Inc. ("Al Madany"), writes, pursuant to Paragraph 18 of the Court's Standing Protective Order and Fed. R. Civ. P. 26(b)(5)(B), to notify you that certain inadvertently produced documents, as described below, constitute trial preparation materials protected from disclosure under Fed. R. Civ. P. 26(b)(3) and 26(b)(4) and privileged material protected from disclosure by the attorney-client privilege.  Accordingly, please return or destroy all versions of the referenced documents and destroy any notes or summaries relating to or referring to these documents.

The inadvertently produced documents are:

- Documents produced as versions of a March 2011 Traffic Report from Michael Galante, which were mistakenly understood to be final versions of a traffic report.  In the course of our investigation, counsel for Al Madany has determined that the March 2011 Report was only a draft report and was never published.   The draft report was produced as Bates range ALMADANY 0000461-531 and was Exhibit B to the April 1, 2013 Expert Report of Michael Galante served in this matter.  Al Madany will provide a corrected version of the April 1, 2013 Expert Report.

- Two email chains in Al Madany's production of documents which discuss preliminary drafts (including the March 2011 draft) of Mr. Galante's June 2011 Traffic Report, Bates-stamped ALMADANY 0000796-797 and ALMADANY 0001136-1140.

Please certify within three business days – by close of business Monday, June 17, 2013 – that you have complied with the Court's Protective Order and have destroyed or returned these draft

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

WILMERHALE

June 12, 2013
Page 2

documents and emails, as well as any notes or summaries that make reference to or relate to the
information contained therein.

Regards,

Sadaf R. Abdullah

cc:     Joseph DaSilva, Jr., Esq. (via electronic mail)
        Amber Sarno, Esq. (via electronic mail)
        Marci Hamilton, Esq. (via electronic mail)
        Robert Maslan, Esq. (via electronic mail)
        Katherine Husband, Esq. (via electronic mail)
        John Fallon, Esq. (via electronic mail)
        Roman Storzer, Esq. (via electronic mail)

## Husband, Katherine R.

| | |
|---|---|
| **From:** | Williams, Joseph |
| **Sent:** | Monday, June 17, 2013 2:25 PM |
| **To:** | 'Lee, Victoria'; mgrenier@dandvlaw.com; Husband, Katherine R.; Joseph DaSilva Jr (JDaSilvaJr@dandvlaw.com) (JDaSilvaJr@dandvlaw.com); hamilton.marci@gmail.com; rmaslan@norwalkct.org |
| **Cc:** | 'John F Fallon' (jffallon@snet.net); Roman P. Storzer (storzer@storzerandgreene.com); Vigeland, Peter; Abdullah, Sadaf; Stierhoff, Lawrence; Faldu, Pooja |
| **Subject:** | RE: Al Madany Islamic Center of Norwalk, Inc. v. City of Norwalk, et. al. |

Counsel, we are not yet able to respond to this privilege assertion without being provided the detailed bases for the assertion.  Please explain the privilege being asserted as to each document and the factual basis for each such assertion, including the name of each and every person who received or reviewed the document.  It will be especially important for you to help us understand how the documents could constitute trial preparation materials when they were created several months before the plaintiff filed the subject special permit application, and how a report that was expressly incorporated into an expert report could have been inadvertently produced.  Also, the email at 1136-1140 already contains redactions -- who made the redactions, what is the basis for them, and how can you claim this document was inadvertently produced after it was apparently reviewed and redacted before being produced?

Joseph P. Williams
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
(860) 251-5127
(860) 251-5318 (fax)
jwilliams@goodwin.com
http://www.shipmangoodwin.com

The information in this transmission is privileged and confidential and intended only for the recipient listed above.  If you have received this transmission in error, please NOTIFY US IMMEDIATELY BY E-MAIL AND DELETE THE ORIGINAL MESSAGE.  The text of this E-Mail is similar to ordinary telephone or face-to-face conversations and does not reflect the level of factual or legal inquiry or analysis that would be applied in the case of a formal legal opinion.

**From:** Lee, Victoria [mailto:Victoria.Lee@wilmerhale.com]
**Sent:** Wednesday, June 12, 2013 5:46 PM
**To:** Williams, Joseph; mgrenier@dandvlaw.com; Sarno, Amber N.; Husband, Katherine R.; Joseph DaSilva Jr (JDaSilvaJr@dandvlaw.com) (JDaSilvaJr@dandvlaw.com); hamilton.marci@gmail.com; rmaslan@norwalkct.org
**Cc:** 'John F Fallon' (jffallon@snet.net); Roman P. Storzer (storzer@storzerandgreene.com); Vigeland, Peter; Abdullah, Sadaf; Stierhoff, Lawrence; Faldu, Pooja
**Subject:** Al Madany Islamic Center of Norwalk, Inc. v. City of Norwalk, et. al.

Counsel,

Please see the attached letter.

Regards,
Victoria

**Victoria Lee | WilmerHale**
7 World Trade Center

## Husband, Katherine R.

| | |
|---|---|
| **From:** | Abdullah, Sadaf <Sadaf.Abdullah@wilmerhale.com> |
| **Sent:** | Monday, June 17, 2013 6:36 PM |
| **To:** | Williams, Joseph; Lee, Victoria; mgrenier@dandvlaw.com; Husband, Katherine R.; Joseph DaSilva Jr (JDaSilvaJr@dandvlaw.com) (JDaSilvaJr@dandvlaw.com); hamilton.marci@gmail.com; rmaslan@norwalkct.org |
| **Cc:** | 'John F Fallon' (jffallon@snet.net); Roman P. Storzer (storzer@storzerandgreene.com); Vigeland, Peter; Stierhoff, Lawrence; Faldu, Pooja |
| **Subject:** | RE: Al Madany Islamic Center of Norwalk, Inc. v. City of Norwalk, et. al. |

Joe,

As we stated in our June 12, 2013 letter, the draft Galante report from March 2011 was inadvertently produced because it was mistakenly believed to be a final report. During a meeting with Mr. Galante last week, Al Madany learned that it was, in fact, not a final report. As a draft report of a Fed. R. Civ. P. 26(a)(2) expert, it constitutes trial preparation material protected from disclosure under Fed. R. Civ. P. 26(b)(3) and 26(b)(4). In addition, the email at -1136-1140 discusses that very draft, and therefore is entitled to the same protections. As for the other email, -0796-0797, this email relates to a communication with Attorney John Fallon and is protected by both the work product privilege and the attorney-client privilege. We will provide a privilege log for these documents and other documents withheld by Al Madany on the basis of privilege.

At this stage, it is incumbent on defendants to return or destroy all copies of this document. The Court's Standing Protective Order requires that, upon receiving written notice from Al Madany of its inadvertent production, defendants must "return all copies of inadvertently produced material within three business days" and destroy "[a]ny notes or summaries referring or relating to any such inadvertently produced material…" (*See* Para. 18.) Please provide us with confirmation that defendants have complied with this Order.

Regards,

Sadaf

**From:** Williams, Joseph [mailto:JWilliams@goodwin.com]
**Sent:** Monday, June 17, 2013 2:25 PM
**To:** Lee, Victoria; mgrenier@dandvlaw.com; Husband, Katherine R.; Joseph DaSilva Jr (JDaSilvaJr@dandvlaw.com) (JDaSilvaJr@dandvlaw.com); hamilton.marci@gmail.com; rmaslan@norwalkct.org
**Cc:** 'John F Fallon' (jffallon@snet.net); Roman P. Storzer (storzer@storzerandgreene.com); Vigeland, Peter; Abdullah, Sadaf; Stierhoff, Lawrence; Faldu, Pooja
**Subject:** RE: Al Madany Islamic Center of Norwalk, Inc. v. City of Norwalk, et. al.

Counsel, we are not yet able to respond to this privilege assertion without being provided the detailed bases for the assertion. Please explain the privilege being asserted as to each document and the factual basis for each such assertion, including the name of each and every person who received or reviewed the document. It will be especially important for you to help us understand how the documents could constitute trial preparation materials when they were created several months before the plaintiff filed the subject special permit application, and how a report that was expressly incorporated into an expert report could have been inadvertently produced. Also, the email at 1136-1140 already contains redactions -- who made the redactions, what is the basis for them, and how can you claim this document was inadvertently produced after it was apparently reviewed and redacted before being produced?

Joseph P. Williams
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919
(860) 251-5127
(860) 251-5318 (fax)
jwilliams@goodwin.com
http://www.shipmangoodwin.com

The information in this transmission is privileged and confidential and intended only for the recipient listed above.  If you have received this transmission in error, please NOTIFY US IMMEDIATELY BY E-MAIL AND DELETE THE ORIGINAL MESSAGE.  The text of this E-Mail is similar to ordinary telephone or face-to-face conversations and does not reflect the level of factual or legal inquiry or analysis that would be applied in the case of a formal legal opinion.

**From:** Lee, Victoria [mailto:Victoria.Lee@wilmerhale.com]
**Sent:** Wednesday, June 12, 2013 5:46 PM
**To:** Williams, Joseph; mgrenier@dandvlaw.com; Sarno, Amber N.; Husband, Katherine R.; Joseph DaSilva Jr (JDaSilvaJr@dandvlaw.com) (JDaSilvaJr@dandvlaw.com); hamilton.marci@gmail.com; rmaslan@norwalkct.org
**Cc:** 'John F Fallon' (jffallon@snet.net); Roman P. Storzer (storzer@storzerandgreene.com); Vigeland, Peter; Abdullah, Sadaf; Stierhoff, Lawrence; Faldu, Pooja
**Subject:** Al Madany Islamic Center of Norwalk, Inc. v. City of Norwalk, et. al.

Counsel,

Please see the attached letter.

Regards,
Victoria

**Victoria Lee | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6473 (t)
+1 212 230 8888 (f)
victoria.lee@wilmerhale.com

Please consider the environment before printing this email.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.



LAW OFFICES OF
DePANFILIS & VALLERIE, LLC

Anthony J. DePanfilis'
John E. Vallerie, Jr. (1930-1997)
David W. Stergas
Marc J. Grenier
'Also admitted in NY

Frank P. Bevilacqua
Joseph DaSilva, Jr.
Thomas L. McKirdy, Jr.

June 21, 2013

Sadaf R. Abdullah, Esq.
Peter K. Vigeland, Esq.
Willmer Cutler Pickering
Hale and Dorr, LLP
7 World Trade Center
250 Greenwich Stret
New, New York, 1007


Re:     Al Madany Islamic Center of Norwalk Inc. v. City of Norwalk, Connecticut et. al.,
        Docket No. 3:12cv-00949- MPS; Stonegate Condominium Associate Inc.,
        Reply to June 12, 2013 correspondence re: Disclosure of documents subject to
        withholding pursuant to FRCP 26(b)(3) claim.

Dear Attorney Abdullah:

        As per our conversation, I am writing in follow up to your correspondence of June 12,
2013 wherein which you indicated that documents Bates stamped as ALMADANY 0000461-
531, 0000796-797 and 00001136-1140 were mistakenly produced.  You specifically claimed that
each document was to be returned or destroyed as they each were protected by attorney client
privilege and "constitute trial preparation materials protected from disclosure under Fed. R. Civ.
P. 26(b)(3) and 26(b)(4).

        The purpose of the work product restriction found in Fed. R. Civ. P. 26(b)(3) is to allow
an attorney to "prepare and develop legal theories with an eye toward litigation free from
unnecessary intrusion by his adversaries." United States v. Adlman, 134 F.3d. 1196 (2d. Cir.
1998). Under the formula set forth in Adlman, documents that have been prepared "because of
the prospect of litigation" may be protected from disclosure. Adlman, 134 F.3d. at 1202.  That
said, this holding is not without limits. Specifically, as the Adlman court stated, "it should be
emphasized that the "because of" formulation we adopt withholds protection from documents
that are prepared in the ordinary course of business or that would have been created in essentially
similar form irrespective of the ligation.  It is well established that work product privilege does
not apply to such documents." Adlman, 134 F.3d. at 1202.

25 Belden Avenue, P.O. Box 699, Norwalk, Connecticut 06852-0699, (203) 846-9585, Fax: (203) 847-2849
E-mail: info@dandvlaw.com
www.dandvlaw.com

We are having difficulty conceiving of how either email chain, one of which is dated December 2010 and the other April 2011 and Mr. Galante's April 2011 draft report can be considered to have been drafted as trial preparation material. Al Madany was not involved in, or contemplating, litigation at the time these documents were drafted. Verily, at the time the first email chain was created in December 2010, Al Madany had not had an active application on file in over six months and would not file the application that was denied and underlies this case for another year. Similarly, at the time the latter email chain and Galante draft were created, Al Madany had not had an active application on file in almost a year and would not file the application that led to this case for almost eight months.

None of these documents contain the work of any attorney working on behalf of Al Madany. Nor do the documents recount or summarize the advice, thoughts or mental impressions of an attorney. In fact undermining this very claim as it relates to the latter email chain is the fact that Attorney Fallon's contributions to this latter email chain have already been redacted thereby eliminating any chance that these documents contain attorney client privilege.

Further, none of these documents were prepared "because of the prospect of litigation." The best that could be said about the drafting of these documents is that they were drafted in contemplation of the filing of a special permit application. As a special permit application is not the equivalent of litigation we simply don't see how these documents fall within the ambit of the claimed exemption. Moreover, even if one could strain to believe that Al Madany was contemplating litigation eight months to a year prior to filing its special permit application, as each of these documents was certainly created within the ordinary course of business for both Mr. Galante and Al Madany as they interacted in the preparation of Al Madany's special permit application, they each remain, under <u>Adlman</u>, "unprotected."

Finally, Mr. Galante's draft report docs not implicate attorney client privilege and is not exempt from disclosure as the draft report of an expert. <u>Fed. R. Civ. P.</u> 26(b)(4) applies to experts retained for litigation purposes, it does not apply in blanket fashion to every expert that has ever consulted for the plaintiff. <u>See</u>, <u>QBE Ins. Corp. v. Interstate Fire & Safety Equipment Co., Inc.</u> 2011 WL 692982 at 5 (D.Conn. 2011)(considering dispute regarding non-testifying expert and construing <u>Fed. R. Civ. P.</u> 26(b)(4) to apply to experts "retained or specially employed because of the prospect of litigation, and not in the normal course of business."). Alternatively stated, "experts not consulted in anticipation of litigation are freely discoverable as any ordinary witness within the confines of the general scope of discovery." <u>USM Corp. v. American Aerosols, Inc.</u>, 631 F.2d 420, 426 fn.10 (C.A.Mich., 1980).

At the time the report was drafted, Mr. Galante was a consultant working for a client on a potential special permit application. He was not a litigation expert. The recent disclosure of Mr. Galante's as an expert in this case, which obviously was not something that was in the contemplation of Al Madany or Mr. Galante at the time the draft report was created, cannot work to retroactively make the draft report exempt from disclosure.

Thus, for the foregoing reasons, we do not agree that any of these documents are subject to any privilege or exemption from disclosure.

Law Offices of DePanfilis & Vallerie, LLC
25 Belden Avenue, P.O. Box 699, Norwalk, Connecticut 06852-0699, (203) 846-9585, Fax: (203) 847-2849
E-mail: info@dandvlaw.com
www.dandvlaw.com

2

Sincerely,



Joseph DaSilva, Jr.

cc:   Joseph Williams, Esq. (via electronic mail)
      Robert Maslan, Esq. (via electronic mail)
      Marci Hamilton, Esq. (via electronic mail)
      Katherine Husband, Esq. (via electronic mail)
      John Fallo, Esq. (via electronic mail)
      Roman Storzer, Esq. (via electronic mail)

Law Offices of DePanfilis & Valleria, LLC
25 Belden Avenue, P.O. Box 699, Norwalk, Connecticut 06852-0699, (203) 846-9585, Fax: (203) 847-2849
E-mail: info@dandvlaw.com
www.dandvlaw.com

3



**SHIPMAN & GOODWIN** LLP®

COUNSELORS AT LAW

Joseph P. Williams
Phone: (860) 251-5127
Fax: (860) 251-5318
jwilliams@goodwin.com

June 24, 2013

VIA ELECTRONIC AND FIRST CLASS MAIL

Sadaf R. Abdullah, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

RE:   *Al Madany Islamic Center of Norwalk, Inc. v. City of Norwalk, Connecticut
and City of Norwalk Zoning Commission*, No. 3:12-CV-00949-MPS

Dear Attorney Abdullah:

We are in receipt of your June 12, 2013 letter and June 17, 2013 email in which you
seek the return or destruction of certain documents pursuant to Paragraph 18 of the Court's
Standing Protective Order on the grounds that the documents are privileged and were
inadvertently produced. In particular, you have asked us to return or destroy the March 2011
Traffic Report from Michael Galante, which you contend is a draft of his Expert Report (and
was expressly incorporated therein as Exhibit B), as well as two email chains which contain
conversations between Al Madany and Mr. Galante which have already been redacted. We
also have your June 21, 2013 objections to the document requests directed to Mr. Galante in
connection with his deposition. For the reasons set forth below, the Defendants dispute your
contention that the documents are in any way protected by privilege, and plan to seek a
determination from the Court as to whether the documents must be returned or destroyed.

Paragraph 18 of the Judge Shea's Standing Protective Order protects information
inadvertently produced if protected by some privilege or immunity, including but not limited to
the attorney client privilege. Paragraph 18 explicitly states, "Nothing herein shall prevent the
receiving party from challenging the propriety of the attorney-client privilege or work product
immunity or other applicable privilege designation by submitting a challenge to the Court. The
Designating Party bears the burden of establishing the privileged nature of any inadvertently
produced information or material."

Sadaf R. Abdullah, Esq.
June 24, 2013
Page 2

        As the burden of establishing the privileged nature of the subject material is yours, on
June 17, 2013 we requested detailed bases for your assertion of privilege as to each document,
including the factual basis for each such assertion and the name of each person who received or
reviewed the document.  With respect to Mr. Galante's report, we asked that you explain the
basis for your claim of privilege concerning a document that was created before Al Madany
submitted the subject special permit application, and which Mr. Galante expressly incorporated
by reference into later reports.  With respect to the email chains, we asked you to provide
support for your claim that emails that were previously reviewed and redacted -- apparently by
legal counsel -- were inadvertently produced.

        In response to our request, we received no more than a blanket statement reiterating
your letter and a blanket claim to privilege in these documents.  Yet merely stating that a
document is privileged, without more, is insufficient to establish the privilege for purposes of
Rule 18.  Put simply, you have failed to satisfy your burden under the rule.  Based on the
information you have provided, we conclude that the Federal Rules of Civil Procedure in no
way protect the subject documents from disclosure, nor were the documents inadvertently
produced.

        The first rule you cite for the proposition that the subject documents are privileged,
Federal Rule of Civil Procedure 26(b)(3), limits the disclosure of documents created "in
anticipation of litigation or for trial," absent a showing of substantial need for those documents
and an inability of the party to obtain the necessary information elsewhere.  Rule 26(b)(3) "is
intended to preserve a zone of privacy in which a lawyer can prepare and develop legal
theories 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries."
*QBE Ins. Corp. v. Interstate Fire & Safety Equipment Co., Inc.*, No. 3:07cv1883, 2011 WL
692982, at *2 (D. Conn. 2011), quoting *U.S. v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998).
"In determining whether the work-product doctrine applies, a court must undertake a two-step
analysis.  First, it must decide whether the sought 'documents and tangible things' were
'prepared in anticipation of litigation or for trial by or for another party or its representative.'
The party asserting work-product protection bears the burden of proof on that step."  *Id.*
Documents prepared in the ordinary course of business, or that would have been created
irrespective of the litigation, are not subject to work product protection.  *See id.*

        Here, neither Mr. Galante's report nor the email chains were created in anticipation of
litigation or trial, and thus are not entitled to Rule 26(b)(3) protection.  Specifically, Mr.
Galante's report was drafted in March 2011, about nine months before Al Madany's special
permit application was submitted, and thus well before any litigation could have been
reasonably anticipated.  Likewise, one of the email chains you seek to reclaim (Al Madany
796-797) was sent even earlier, in December 2010, and the second email chain (1136-1140)
was written in April and May 2011, months before Al Madany submitted its special permit
application.  Given the time period in which these documents were drafted, these documents
were clearly created in the normal course of preparing to submit the special permit application.
No reasonable argument can be made that they were created in preparation for litigation.

Sadaf R. Abdullah, Esq.
June 24, 2013
Page 3

The second rule you rely on in support of your privilege claim is Rule 26(b)(4), which governs trial preparation of experts. While the rule does protect draft reports of experts, it does not protect communications that (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. "Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions. For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule. Similarly, inquiry about communications the expert had with anyone other than the party's counsel about the opinions expressed is unaffected by the rule." Advisory Comm. Notes (2010).

Since Mr. Galante is a testifying expert, discovery about the opinions to be offered by him and the development or basis of those opinions is clearly allowed. The emails you have asked us to return or destroy contain information that Mr. Galante considered in forming his opinions and that he originally proposed to provide to the Zoning Commission. That information, along with the request by principals of Al Madany that Mr. Galante remove certain unfavorable information from his report, bear directly on the "development, foundation, or basis" of his opinions. "[N]othing in Rule 26(b) displaces or even limits a party's obligation under Rule 26(a)(2) to disclose information provided to its testifying experts. This conclusion is further supported by statements in the Advisory Committee Notes to the 1993 amendments: 'Given [Rule 26's] obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions - whether or not ultimately relied upon by the expert - are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.'" *Regional Airport Authority of Lousiville v. LFC LLC*, 460 F.3d 697, 716 (6th Cir. 2006). "The bright-line approach is the majority rule, represents the most natural reading of Rule 26, and finds strong support in the Advisory Committee Notes. Therefore, we now join the "overwhelming majority" of courts, *Herman v. Marine Midland Bank*, 207 F.R.D. 26, 29 (W.D.N.Y.2002), in holding that Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts." *Id.*

Moreover, Mr. Galante's draft report do not fall within the protections of Rule 26(b)(4) for several other reasons. First, Mr. Galante was not an "expert witness" at the time the report was drafted. Rather, he was a consultant hired directly by Al Madany who was drafting a report to be submitted to an administrative body in support of a special permit application. The fact that Mr. Galante has now been hired as an expert witness does not make a draft of a report to the Zoning Commission that he wrote two years ago, and later supplemented, a draft expert report protected by Rule 26(b)(4). In addition, the Plaintiff incorporated the March 2011 report into its Complaint at Paragraph 181 in support of its assertion that Mr. Galante should have been found credible by the Commission. To now state that the March 2011 report is privileged is disingenuous, and would preclude the Defendants from fully deposing Mr.

Sadaf R. Abdullah, Esq.
June 24, 2013
Page 4


Galante and assessing all of the information and considerations that contributed to his expert opinions.

Similarly, the email chains at issue are not protected by Rule 26(b)(4). First, the fact that Attorney Fallon was copied on one of the emails at issue (1136-1140) does not automatically implicate the attorney client privilege. (Only that email is addressed to Attorney Fallon, among others; the other one at 796-797 does not list its recipients and you have not responded to my request to name them.) "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer. If what is sought is not legal advice but only accounting service, ... or if the advice sought is the accountant's rather than the lawyer's, no privilege exists." *F.T.C. v. TRW, Inc.*, 628 F.2d 207, 212 (D.C. Cir. 1980). The information-holder's motive for the communication, to the extent that it can be discerned from the document, thus is an important consideration. "If the information-holder will communicate with the attorney even if the privilege does not exist, or if a non-legal objective is sufficient to stimulate communication with the attorney, then there is no reason for the privilege to attach." *U.S. Postal Service v. Phelps Dodge Refining Co.*, 852 F. Supp. 156, 160 (E.D.N.Y 1994).

The purpose of the e-mails which Plaintiff now seeks to claw back clearly was not to obtain legal advice, but for the client to request that Mr. Galante omit certain line of sight information from his report. Only in certain "limited circumstances, privilege may be extended to communications made to third parties who are agents of the attorney, such as accountants; administrative practitioners not admitted to the bar; and *non-testifying* experts." *Id.* at 161. Mr. Galante is not a non-testifying expert, nor was he acting "as an agent of the attorney" when he communicated with Al Madany and drafted his reports for the Commission. He was acting in his capacity as a traffic consultant engaged to help Al Madany obtain a permit. Therefore, communications between him and the client are not privileged.

Second, even if Mr. Galante were an expert witness at the time he drafted the March 2011 supplemental report, the email chains at issue identify certain information that Al Madany wanted Mr. Galante to omit from his report, and he then complied. As previously stated, Rule 26(b)(4) explicitly calls for the production of communications relating to facts or data relied on by the expert in forming his opinions as well as assumptions to be relied on in reaching his conclusions. The email chains at issue discuss the line of sight parameters to be considered by Mr. Galante and whether to include lines of sight based on 85th percentile speeds, an issue that Mr. Galante identified as a significant one for the application to overcome. These communications related directly to the information considered by Mr. Galante in drafting his supplemental report, and as such are highly relevant to the Plaintiff's claims and bear directly on the truthfulness of the Plaintiff and its consultant in their presentation to the Commission of key information concerning public safety.

Mr. Galante, therefore, is also a fact witness concerning the Plaintiff's plans and its presentation to the Commission; the Plaintiff cannot hide those facts from disclosure by

Sadaf R. Abdullah, Esq.
June 24, 2013
Page 5

claiming them as expert opinion after the fact.  "[In cases where] the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit ... [s]uch an expert should be treated as an ordinary witness."  Advisory Comm. Notes (1970).  *See also*, 8 Charles Alan Wright, Arthur r. Miller, Richard L. Marcus, Federal Practice & Procedure Civil 2d § 2029 (experts whose information was not acquired to prepare for trial fall outside of Rule 26(B)(4)(B))."  *Essex Builders Group, Inc v. Amerisure Ins. Co.*, 235 F.R.D. 703, (M.D. Fla. 2006).

In sum, we find no merit in your privilege assertion.  Instead, it appears to us to be an inappropriate attempt to stretch the privilege rules to shield from judicial review unfavorable information involving issues of public safety that the Plaintiff decided to withhold from the Commission and the public at large, thereby misleading the Commission.

I understand from your June 21 objections and our conversation today that you have withheld from production documents relating to the privilege assertion addressed in this letter, and that you intend to instruct Mr. Galante not to answer questions posed to him in his deposition on this topic.  As a result, will need to postpone Mr. Galante's deposition until after we have been heard by the Court on July 8 and the issue has been resolved.  Please confirm your agreement to extend the deadline for this deposition accordingly.

Very Truly Yours,

Joseph P. Williams

Cc:   Robert F. Maslan, Jr., Esq.
      Marci A. Hamilton, Esq.
      H. Lawrence Stierhoff, Esq.
      Peter K. Vigeland, Esq.
      Victoria J. Lee, Esq.
      Pooja B. Faldu, Esq.
      John F. Fallon, Esq.
      Robert L. Green, Esq.
      Roman P. Storzer, Esq.
      Robert J. Prince, Esq.
      Marc J. Grenier, Esq.

2866153v2

WILMERHALE

Sadaf R. Abdullah

+1 212 937 7247 (t)
+1 212 230 8888 (f)
sadaf.abdullah@wilmerhale.com

July 1, 2013

<u>By E-mail</u>

Joseph P. Williams, Esq.
Shipman & Goodwin
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5127
E-mail: jwilliams@goodwin.com

Joseph DaSilva, Esq.
DePanfilis & Vallerie, LLC
25 Belden Avenue
P.O. Box 699
Norwalk, Connecticut 06852-0699
Tel: (203) 846-9585
E-mail: JDaSilvaJr@dandvlaw.com

Re:     *Al Madany Islamic Center of Norwalk, Inc. v. City of Norwalk, Connecticut, and City of Norwalk Zoning Commission*, 3:12-cv-00949-MPS

Dear Counsel:

This firm, on behalf of the Plaintiff Al Madany Islamic Center of Norwalk, Inc. ("Al Madany"), writes in response to the letter, dated June 21, 2013, from counsel for Stonegate Condominium Association, Inc. ("Stonegate") and to the letter, dated June 24, 2013, from counsel for the City of Norwalk, Connecticut and the City of Norwalk Zoning Commission (collectively, "Norwalk") regarding Al Madany's proposed treatment of three documents discussed in my June 12, 2013 letter.

After considering what was written in the June 21 letter, Al Madany has decided to withdraw its claim of work product immunity and attorney-client privilege for the e-mail Bates-stamped ALMADANY 0001136-1140. We no longer seek to claw this e-mail back under Paragraph 18 of the Standing Protective Order.

We maintain, and are prepared to prove, that the other identified e-mail, dated December 22, 2010, from Al Madany's files (Bates-stamped ALMADANY 0000796-797) and Mr. Galante's draft report of March 2011 were prepared in anticipation of litigation. By the time that this e-mail was written and by the time that Mr. Galante was hired to prepare his traffic report, Al Madany anticipated litigation in federal or state court. *See Rodriguez v. SLM Corp.*, 2010 WL 1416107, at *2 (D. Conn. Apr. 5, 2010) (finding work product protection where analyses were "prepared or obtained because of the prospect of litigation" (emphasis omitted)). Al Madany had

WILMERHALE

July 1, 2013
Page 2

already submitted at least one special permit application. In addition, neighbors had expressed their opposition to the project and had organized into groups to protest against it (*e.g.*, Keep 127 Fillow Street Residential). By September 2010, Al Madany was aware that the Zoning Commission proceedings would be contentious and that one of two outcomes was probable: either (1) Al Madany's application would be denied and Al Madany would file suit in state or federal court, or (2) the application would be granted and the neighbors would file suit in state court to appeal the decision.

The assertion in Mr. Williams' letter at page 2 that Mr. Galante's draft report was prepared "in the normal course of preparing to submit the special permit application" misapprehends the inquiry. The "normal course" inquiry is conducted from the perspective of Al Madany, not from the perspective of Norwalk. For Al Madany, it was unusual, and not an ordinary business practice, to hire an expert to prepare a traffic report. *See QBE Ins. Corp. v. Interstate Fire & Safety Equip. Co.*, 2011 U.S. Dist. LEXIS 16406, at *12 (D. Conn. Feb. 18, 2011) (to determine whether materials are prepared in the "ordinary course of business," courts will look to whether it is "standard practice" for a business or organization to create these materials). Even under your assumption, the submission of Mr. Galante's reports was not done in the "normal course." Al Madany had already submitted a full and complete traffic report prepared by H.K. Associates to the Zoning Commission and felt compelled to take the unusual step of hiring another traffic expert to submit an additional report.

Regardless of whether the draft report was created because of the permit application process, it was prepared because Al Madany anticipated litigation, such that it enjoys protection as work product. *U.S. v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998) ("[The] fact that the materials serve other functions apart from litigation does not mean that they should not be protected by work-product immunity"). It is of no moment whether Mr. Galante had been designated as an expert witness by March 2011, when he created the draft report, because, by that time, Al Madany reasonably anticipated litigation with Norwalk.

By describing the report as containing "information . . . [Mr. Galante] originally proposed to provide to the Zoning Commission," the June 21 letter effectively concedes that the document is a draft report. Drafts are expressly protected by Fed. R. Civ. P. 26(b)(4). Indeed, the Advisory Committee notes that this protection "applies regardless of the form in which the draft is recorded, whether written, electronic, or otherwise." Advisory Comm. Notes (2010).

Work product protection extends to the inadvertently produced December 22, 2010 (ALMADANY 0000796-797) e-mail as well. That e-mail does not, as you claim, "contain information that Mr. Galante considered in forming his opinions." The e-mail was never shared with Mr. Galante, and it not only contains the mental impressions, opinions, and conclusions of a representative of Al Madany but also summarizes the impressions and legal advice of Al Madany's attorney, John Fallon. *See Lagace v. New England Central Railroad*, 2007 WL

WILMERHALE

July 1, 2013
Page 3

2889465, at *5 (D. Conn. Sept. 28, 2007) (protected work product "must (1) be a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative"); *see also* Fed. R. Civ. P. 26(b)(3)(B) (stating that courts "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation").

You seem to be under the misimpression that Al Madany is asserting that the draft report is protected from disclosure by the attorney-client privilege. Al Madany only asserts the attorney-client privilege (in addition to work product protection) regarding the e-mail Bates-stamped ALMADANY 0000796-797. That e-mail contains a summary, written by an Al Madany board member, of discussions with Mr. Fallon and contains Mr. Fallon's legal advice related to Al Madany's special permit application. Such an e-mail is clearly privileged, as it relates to a "confidential communication[] between client and counsel made for the purpose of obtaining or providing legal assistance." *See Buxbaum v. St. Vincent's Health Services, Inc.*, 2013 WL 74733, at *2-3 (D. Conn. Jan. 17, 2013) (citing *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)).

Al Madany intends to amend its Complaint to remove reference to a March 2011 traffic report, since no such report was submitted to the Zoning Commission and the draft report of that date constitutes work product. Please indicate whether you will consent to the amendment under Rule 15(a)(2).

Al Madany is not, as you charge, "inappropriate[ly] attempt[ing] to stretch the privilege rules to shield . . . unfavorable information . . . ." (Williams letter at p. 5). You will have a full and fair opportunity to question Mr. Galante at his deposition about the methodology he employed relating to sight line distances and why he did or did not use certain metrics.

Sincerely,

Sadaf R. Abdullah

WILMERHALE

July 1, 2013
Page 4

cc:
      Robert F. Maslan, Jr., Esq. (by e-mail)
      Marci A. Hamilton, Esq. (by e-mail)
      Amber N. Sarno, Esq. (by e-mail)
      Katherine R. Husband, Esq. (by e-mail)
      Marc J. Grenier, Esq. (by e-mail)
      John F. Fallon, Esq. (by e-mail)
      Roman P. Storzer, Esq. (by e-mail)



**SHIPMAN & GOODWIN** LLP®

COUNSELORS AT LAW

Joseph P. Williams
Phone: (860) 251-5127
Fax: (860) 251-5218
JWilliams@goodwin.com

July 1, 2013

**VIA ELECTRONIC AND FIRST CLASS MAIL**

Attorney Sadaf Abdullah
WilmerHale
7 World Trade Center
250 Greenwich Street
New York, NY  10007

Re:   *Al Madany Islamic Center of Norwalk, Inc. v. Norwalk, et al.*
      Civil Action No.: 3:12-cv-949 (MPS)

Dear Attorney Abdullah:

We write in response to your privilege log corresponding to Mr. Galante's files, received on June 25, 2013, as well as your objections to the Re-Notice of Deposition of Mr. Galante dated June 21, 2013.

I.    **Plaintiff's Objections to Schedule A of the Re-Notice of Deposition are Unfounded.**

In Request No. 3 of Schedule A to the Re-Notice of Deposition, defendants requested "All time records, diaries and bills, maintained, prepared, and/or rendered in connection with his retention in this matter and his investigation and evaluation in this case, including documents relating to compensation for his study or testimony as an expert." You object on the grounds that this request calls for the disclosure of documents which you have unilaterally deemed as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  However, Rule 26(b)(4)(C)(i) requires the disclosure of communications which "relate to compensation for the expert's study or testimony."  As such, the disclosure of any time records, diaries and bills which Mr. Galante sent to the plaintiff, and any payments received by Mr. Galante, is wholly within the scope of and expressly contemplated by the Federal Rules.  The plaintiff's decision that these bills are irrelevant does not protect them from discovery.

Attorney Sadaf Abdullah
July 1, 2013
Page 2

You further object on the grounds that Mr. Galante's bills are protected by the work product doctrine, and you have redacted all of the narratives from the bills you have produced to date. As we noted in our letter on June 24th, the work product doctrine does not protect every communication an expert witness has with the party or attorney who hired him. "Rules 26(b)(4)(B) and (C) do not impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions. ... Similarly, inquiry about communications the expert had with anyone other than the party's counsel about the opinions expressed is unaffected by the rule." Advisory Comm. Notes (2010). As such, unless the narratives in Mr. Galante's bills report the content of a discussion with Attorney Fallon or another attorney for the plaintiff, the defendants are entitled to review those narratives.

With regard to your objections to Request Nos. 4 and 5, defendants again reiterate that Rule 26 of the Federal Rules expressly calls for the production of communications that (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Request No. 4 repeats Rule 26(b)(4)(C) nearly verbatim, and so your claim that those documents are somehow protected by the work product doctrine is, at best, disingenuous. Request No. 5 likewise calls for documents and tangible items relating to Mr. Galante's engagement, provided to him by third parties (which would not be protected by any privilege), created by him relative to this matter, or which he relied on in coming to his conclusions in this matter. Request No. 5 also calls for production of communications Galante had with members of the Al Madany Islamic Center of Norwalk ("Al Madany"). All of these requests fall well within the scope of Rule 26, and should be produced before Mr. Galante's deposition.

II.    Documents Listed in Plaintiff's Privilege Log of June 25, 2013 are Not
       Privileged and Must Be Produced.

For the reasons stated in defendants' June 24, 2013 letter and for the reasons set forth below, the overwhelming majority of the documents listed in the plaintiff's privilege log are not privileged and must be produced immediately. First, as explained fully in defendants' June 24, 2013 letter, correspondence between Mr. Galante and representatives of the plaintiff which occurred prior to submission of plaintiff's special permit application were not prepared in anticipation of litigation and are not privileged.

Second, Mr. Galante's engagement letter with Al Madany, dated November 9, 2010, explicitly states that Mr. Galante was hired to assist Al Madany's "Consultant Team in the preparation of a Traffic Study, which will be suitable for submission to the City." Mr. Galante went on to state in the letter, "It is my understanding that the

Attorney Sadaf Abdullah
July 1, 2013
Page 3

assistance of a second Traffic Consultant is necessary to respond to concerns of the City
and others for this Application." Nowhere in the engagement letter, which was
addressed to Al Madany's architect and executed by Al Madany's president (and notably
not by Al Madany's attorney), does it state that Mr. Galante was being hired as an expert
witness or that his report was intended to be used in litigation. It is abundantly clear that
Mr. Galante was not retained as an expert witness until after the plaintiff's special permit
application was submitted, and thus any communications between Mr. Galante and
representatives of the plaintiff which took place before the application was submitted
were not prepared in anticipation of litigation and are not privileged.

Third, numerous communications listed on the privilege log make no mention of
an attorney even being included on the communication, never mind an attorney being
asked for or providing legal advice. Communications on which an attorney is copied are
not privileged merely because they relate to the present litigation. "If the information-
holder will communicate with the attorney even if the privilege does not exist, or if a
non-legal objective is sufficient to stimulate communication with the attorney, then there
is no reason for the privilege to attach." *U.S. Postal Service v. Phelps Dodge Refining
Co.*, 852 F. Supp. 156, 160 (E.D.N.Y 1994). The plaintiff must make a detailed
showing that the communication took place for a reason other than (i) compensation for
the expert's study or testimony; (ii) identification of facts or data that were provided to
the expert and that the expert considered in forming the opinions to be expressed; or (iii)
identification of assumptions provided to the expert and that the expert relied on in
forming the opinions to be expressed. Plaintiff has made no such showing, and it is clear
that the privilege log is nothing more than an attempt to withhold documents harmful to
the plaintiff's case.

III.    **Plaintiff Has Failed to Provide an Explanation for Redactions in Mr.
        Galante's File.**

Throughout the plaintiff's production of select portions of Mr. Galante's file, the
plaintiff has redacted portions of documents without explanation and for no apparent
reason. The plaintiff's privilege log provides a cursory explanation for redactions on six
produced pages, but failed to provide any reasoning for your redaction of the narratives
on Mr. Galante's time sheets, or sections of produced emails. As noted above, Federal
Rule of Civil Procedure 26 calls for the disclosure of communications relating to Mr.
Galante's compensation. The plaintiff's wholesale redaction of all of Mr. Galante's time
entries is inappropriate, certainly not narrowly tailored to protect only those entries that
actually reflect privileged information. Moreover, the plaintiff has produced,
unredacted, the invoices Mr. Galante's office sent to the plaintiff. The defendants must
have the opportunity to review any discrepancies between Mr. Galante's time sheets and
his bills, and to fully depose him on any differences.

Attorney Sadaf Abdullah
July 1, 2013
Page 4

Similarly, throughout the plaintiff's production of Mr. Galante's file, approximately 53 pages of emails have been redacted to either omit the names of recipients, or to omit entire paragraphs of the communication. The plaintiff has not provided any grounds for these redactions, nor were any of these pages included in the plaintiff's privilege log. The plaintiff cannot simply eliminate entire sections of communications, or even omit names, without providing a detailed explanation of the grounds for that redaction in its privilege log.

IV.    **The March 2011 Draft of Mr. Galante's Report Must Be Produced.**

In our June 24, 2013 letter, the defendants explained in detail that the March 2011 draft of Mr. Galante's report must be produced in full. In addition to the reasons provided in that letter, it is worthwhile to note that in his Expert Report, Mr. Galante declared under penalty of perjury that his final report was correct, and that he incorporated the March 2011 draft into that report. Its production clearly was not inadvertent, therefore any claim of privilege was waived. There are discrepancies between his March 2011 draft and his final report, and given the plaintiff's claims in this case regarding Mr. Galante's credibility and the correctness of his reports to the Zoning Commission, the defendants must have the opportunity to depose Mr. Galante as to the differences between his draft and final reports.

Defendants request a meet and confer conference with the plaintiff on July 2 or 3, 2013 to address the above deficiencies in plaintiff's production of Mr. Galante's file. We are unpersuaded by your letter of today defending your privilege claims, thus a conference is required promptly.

Very Truly Yours,

Joseph P. Williams

Joseph P. Williams

cc:    All counsel of record

2872338v1

WILMERHALE

July 3, 2013

Sadaf R. Abdullah

+1 212 937 7247 (t)
+1 212 230 8888 (f)
sadaf.abdullah@wilmerhale.com

**By Federal Express and E-mail**

Joseph P. Williams, Esq.
Shipman & Goodwin
One Constitution Plaza
Hartford, CT 06103-1919
Tel: (860) 251-5127
E-mail: jwilliams@goodwin.com

Joseph DaSilva, Esq.
DePanfilis & Callerie, LLC
25 Belden Avenue
P.O. Box 699
Norwalk, CT 06852-0699
Tel: (203) 846-9585
E-mail: JDaSilvaJr@dandvlaw.com

Re:   *Al Madany Islamic Center of Norwalk, Inc. v. City of Norwalk, Connecticut, and City of Norwalk Zoning Commission, 3:12-cv-00949-MPS*

Dear Counsel:

After considering the letter from Joe Williams dated July 1, 2013, we have revised Michael Galante's Log of Documents Protected from Disclosure.

We also enclose, on behalf of Mr. Galante and Plaintiff Al Madany Islamic Center of Norwalk, Inc., a supplementary production from Mr. Galante's files consisting of documents Bates-stamped Galante 0000411 – Galante 0000515. The documents in this supplementary production were formerly logged, but are no longer part of the enclosed log. The enclosed disc containing these documents is password protected. We will provide you with the password for the disc in a separate e-mail.

We will produce Mr. Galante's time sheets with modified redactions and any remaining, non-privileged documents from Mr. Galante's file in the upcoming week.

We are available to meet and confer about the issues relating to Al Madany's privilege assertions raised in the parties' recent correspondence on Friday, July 5, 2013.

Sincerely,

WILMERHALE

July 3, 2013
Page 2

Sadaf R. Abdullah

Enclosures

cc:    Robert F. Maslan, Jr., Esq. (by e-mail without enclosed disc)
       Marci A. Hamilton, Esq. (by e-mail without enclosed disc)
       Amber N. Sarno, Esq. (by e-mail without enclosed disc)
       Katherine R. Husband, Esq. (by e-mail without enclosed disc)
       Marc J. Grenier, Esq. (by e-mail without enclosed disc)
       John F. Fallon, Esq. (by e-mail without enclosed disc)
       Roman P. Storzer, Esq. (by e-mail without enclosed disc)