UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock Corporation, | ) ) ) ) | CIVIL ACTION NO: |
| Plaintiff, | ) ) | 3:12-CV-00949 (MPS) |
| v. | ) ) | |
| CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION, | ) ) ) ) | |
| Defendants. | ) | August 30, 2013 |

**DEFENDANTS' MOTION TO MODIFY CASE MANAGEMENT ORDER AND ADDENDUM AND PARTIAL OBJECTION TO PLAINTIFF'S MOTION TO MODIFY CASE MANAGEMENT ORDER AND ADDENDUM**

Defendants City of Norwalk and City of Norwalk Zoning Commission hereby move, pursuant to Fed. R. Civ. Proc. 6(b)(1)(A) and 16(b)(4) and Local Civ. R. 7(b), for a modification of the Amended Case Management Order, ECF No. 61, as amended by this Court's Order of February 14, 2013, ECF No. 81. Defendants move for a four month extension of the deadline for fact discovery, dispositive motions, pretrial briefs, and the trial ready date, which extension should apply to all parties in this matter. This extension will permit all of the parties to complete discovery, in particular depositions of fact and expert witnesses. Defendants hereby object to the plaintiff's request that defendants receive only a two month extension of the fact discovery deadline. A request to set different fact discovery deadlines for the parties is not only unprecedented and unorthodox, but would offer the plaintiff an unmerited advantage and work to unfairly penalize the defendants despite having

committed no misconduct other than not responding to discovery requests as quickly as the plaintiff would prefer.

This motion is defendants' second request for a modification and extension of the fact discovery, dispositive motion, and pretrial briefing deadlines, and of the trial ready date.  The first request was made by joint motion on December 12, 2012, *see* Joint Motion to Modify the Scheduling Order and Addendum, ECF No. 60.

The plaintiff contends that defendants have hindered its discovery efforts and rendered it unable to identify individuals it may wish to depose and unable to fully prepare for a 30(b)(6) deposition.  As set forth below, while the defendants disagree with many of the plaintiff's assertions as to the cause of delays in this matter, the defendants believe that a four month extension of the deadlines in this case will benefit all of the parties and so move this Court to modify the current scheduling order accordingly.

I.      The Defendants Have Conducted Discovery in Timely Fashion

The plaintiff points to three areas where it contends the defendants have been deficient in their discovery responses, thereby justifying the plaintiff's contention that this Court should punish the defendants by shortening the time period available to complete discovery.  In particular, the plaintiff takes issue with the time taken to copy special permit files located in the Planning & Zoning Department's archives, the collection and production of electronically stored information, and defendants' supplemental responses to certain interrogatories.

Plaintiff's first argument for why this Court should grant it a four month extension of time, but provide defendants with only a two month extension of time, is that plaintiff has not received electronic copies of special permit files it requested.  As the plaintiff notes in the first

paragraph on page three of its motion, special permit applications are available to any member of the public, and as such the plaintiff has been and remains free to review the subject files in person at any time. Moreover, the defendants have repeatedly offered to have Planning & Zoning employees retrieve files from the Commission's archives for in-person review by plaintiff's counsel, and plaintiff's counsel has yet to take the defendants up on that offer. (*See* Letter of April 5, 2013, attached as Exhibit A; Pl's Exhibit T at 35:23-36:5 (finding that documents had been made available to the plaintiff pursuant to Federal Rule 33(d))). The plaintiff argues on page four of its motion that it contacted the defendants regarding the "condition of the Commission's files," and infers that the defendants never responded in any meaningful way. As evidence by the defendants' letter of April 5, 2013, the defendants clearly stated that the files were made available to the plaintiff as they were kept in the ordinary course of business, and that "the City's staff and legal counsel have made considerable efforts and accommodations to facilitate and reduce the time and expense for your review," which accommodations typically would not be made for a member of the general public. (Exhibit A, at 2). Moreover, the defendants were well within their rights to file a motion to stay discovery, a motion routinely filed by parties submitting a potentially dispositive motion to dismiss as the defendants have in this matter, and to imply some nefarious motive to this action is, at best, disingenuous.

    As the plaintiff states in its motion, the parties engaged in significant discussions surrounding the cost and method of scanning the voluminous special permit files requested by the plaintiff. Special arrangement needed to be made with an outside vendor (after investigating the capabilities of the equipment and staff within Norwalk City Hall) to meet the

multiple, very detailed requirements of the plaintiff as to the manner of the reproduction and electronic file formatting of the requested files. (*See, e.g.*, email of P. Vigeland to J. Williams, March 12, 2013, attached hereto as Exhibit B). As a municipality, the defendants have a fiduciary duty to the residents of Norwalk to ensure that they are not overpaying for things such as copying services. Defendants received an invoice for the cost of scanning on July 31, 2013 from the copying service which charged the defendants for the entire cost of the scanning job, and included a number of charges which did not match the estimates provided to the parties. The defendants asked the plaintiff on several occasions for an address to which to bill the plaintiff's half of the copying costs, but did not receive a response from the plaintiff until August 19, 2013. (*See* Letter of August 5, 2013, attached as Exhibit C; email to S. Abdullah, August 9, 2013, attached as Exhibit D; email to C. Bouchoux, August 13, 2013, attached as Exhibit E). The defendants continue to make good faith efforts to work with the vendor to resolve the dispute over the invoice but have yet to receive an explanation. The defendants do not feel comfortable providing the scanned files to the plaintiff until the invoice is corrected and has been split between the parties, a fact the plaintiff is well-aware of and yet omitted from its motion. The defendant has no intention of withholding any files from the plaintiff and is prepared to copy additional files requested by the plaintiff immediately upon resolving pricing issues and payment arrangements with the vendor.

This issue was explained to the Court at the parties' telephone conference on July 8, 2013. The defendants explained that there is no website or other electronic filing system where archived special permit decisions are published for review, but that defendants had "made arrangements to have an outside copy service come in that would scan and load the

documents in a way that was acceptable to the plaintiff and meets all their requirements and got a reduced rate for the copying and that sort of thing." (Pl's Exhibit T at 34:25-35:22; *see generally*, Def's Exhibit T at 24:24-36:8). The Court sustained the defendants' objection to plaintiff's request that Planning & Zoning employees review the numerous special permit files submitted to the Commission over the past forty years in order to direct the plaintiff to relevant applications, and found that it was sufficient that the defendants had made documents available to the plaintiff and made arrangement for their reproduction. (*See* Pl's Exhibit T at 35:23-36:8). As such, much of the delay with regard to special permit applications was a result of plaintiff's unreasonable demands for defendants to do plaintiff's work for it, which demands this Court rejected.

      Finally, it is important to note that both the plaintiff and the defendants will need time to review the special permit files requested by the plaintiff. To give the plaintiff two additional months to request and review documents, and depose witnesses accordingly, will place the defendants at a disadvantage and prevent them from deposing witnesses who may be able to add context or information to the selected files. Thus for all of the above reasons, fairness dictates that all of the parties should receive an additional four months to complete discovery.

      The second reason the plaintiff contends the Court should grant it a four month extension of time, but provide defendants with only a two month extension of time, is that the plaintiff believes defendants have delayed in the collection and production of electronically stored information ("ESI"). From the outset of this case, the plaintiff has operated under the assumption that the defendants have volumes of ESI on their servers. This is simply not the

case. As the plaintiff was told on May 23, 2013, with the exception of a searchable list of special permit and other applications submitted to the Commission,

> "The only other ESI relevant to plaintiff's discovery requests is email communication. Defendants have done a search of all email across the City of Norwalk using the search terms "mosque," "Al Madany," and "127 Fillow." Defendants have also asked all Commission members to search their personal email accounts for any responsive, non-privileged documents. Defendants will be completing their search for emails responsive to Al Madany's discovery requests and will be producing responsive, non-privileged documents as soon as possible. Defendants have been and will be producing responsive, non-privileged documents to Al Madany on a rolling basis."

(Pl's Exhibit J, at 2). It is unclear how the plaintiff surmised that "[f]rom all indications, the Norwalk Defendants' production of ESI is far from complete." The plaintiff was told in no uncertain terms that the only ESI available was emails. With the exception of the personal emails of the Commission members, defendants have provided the plaintiff with all non-privileged documents from the City's server. The defendants have inquired of the individual commissioners as to whether they have responsive emails in their personal email accounts, and to date, only one commissioner has stated that he has such emails in his personal account. We will provide these emails to the plaintiff, or a log of them, as appropriate, by September 6, 2013.

The third and final reason plaintiff cites in its request for an extension is the Zoning Commission's failure to respond to "key interrogatories." The plaintiff mischaracterizes the parties' interactions with regard to Interrogatories No. 3 through 22. On July 18, 2013, in an effort to avoid further involvement of the Court in one of the parties' many discovery disputes, the Commission offered, as a compromise, to supplement its responses to Interrogatories 3 through 22 with particular transcript cites or references to documents considered by the

Commission. Since that call, counsel for the defendants has worked actively with Corporation Counsel's office to review the transcripts and Return of Record and supplement the interrogatories accordingly. The Commission has completed a working draft and can commit to providing such responses by September 6, 2013. In any event, the plaintiff has all of the hearing transcripts and the complete Return of Record at its disposal, and is more than capable of reviewing this information to evaluate potential witnesses and formulate deposition questions.

## II. There is Good Cause to Provide All Parties With a Four Month Extension of the Deadlines Set in the Current Scheduling Order

As noted above, all of the parties still have significant document review and depositions to undertake in this matter. Importantly, the plaintiff did not provide the defendants with documents previously withheld on First Amendment privilege grounds until August 26, 2013, and a technical problem with the production prohibited the defendants from loading approximately half of those documents until the following day. The plaintiff informed the defendants only today that it will not produce approximately 101 documents related to its traffic expert, Michael Galante, until next week. This is an issue that the Court directed the parties to work out between themselves in its Order of August 21, 2013, ECF No. 165, and the defendants asked the plaintiff on August 22, 2013 whether it planned to continue withholding documents from Mr. Galante's file. (See email to C. Bouchoux, August 22, 2013, attached as Exhibit F). The defendants did not receive a response until this afternoon. The plaintiff failed to inform the Court that it helped create the situation from which it now seeks to derive an unfair advantage.

Both parties need to review the special permit applications requested by the plaintiff, and the plaintiff has requested copies of additional special permit files that will need to be reviewed. None of the parties have begun depositions of expert or fact witnesses, although the defendants expect to depose plaintiff's traffic expert in the near future. A four month extension will permit all of the parties to complete discovery, while keeping everyone on an even playing field and not unnecessarily penalizing any one party. There is absolutely no prejudice to the plaintiff in providing all of the parties with a level playing field to conduct discovery, nor has the plaintiff pointed to any real prejudice.

The plaintiff has indicated that it will not consent to an extension of defendants' deadlines by more than two months, and will only consent to that shorter extension if the defendants respond to "all presently extant document demands and interrogatories by September 6, 2013." The defendants are unaware of a Court ever assigning different discovery deadlines to parties in a case. Here, plaintiff has shown no bad faith on the part of the defendants, nor any outright refusal by the defendants to furnish documents requested by the plaintiff. As such, there is no reason for this Court to penalize the defendants with a shortened discovery period nor any reason to establish different discovery deadlines for the parties.

**III.   Conclusion**

WHEREFORE, defendants City of Norwalk and City of Norwalk Zoning Commission respectfully request that the Court modify the existing Amended Case Management Order to extend the deadline for all parties to conduct fact discovery by four months, or until December 31, 2013. The defendants further request that this Court extend the deadline for submission of

dispositive motions until January 16, 2014, and the deadline for the submission of pretrial briefs until March 3, 2014.  The defendants propose a new trial ready date of April 1, 2014.

        Respectfully submitted,

        DEFENDANTS,
        CITY OF NORWALK AND CITY OF
        NORWALK ZONING COMMISSION

        /s/ Joseph P. Williams
        Joseph P. Williams (ct14809)
        Katherine R. Husband (ct28564)
        Shipman & Goodwin LLP
        One Constitution Plaza
        Hartford, CT  06103-1919
        Telephone (860) 251-5000
        Facsimile (860) 251-5318
        Email:  jwilliams@goodwin.com
        Email:  khusband@goodwin.com

        Robert F. Maslan, Jr. (ct07919)
        Corporation Counsel
        City of Norwalk Law Department
        P. O. Box 799
        Norwalk, CT  06854-0799
        Telephone (203) 854-7750
        Facsimile (203)-854-7901
        Email: rmaslan@norwalkct.org

        Marci A. Hamilton, *pro hac vice*
        36 Timber Knoll Drive
        Washington Crossing, PA  18977
        Telephone (215) 353-8984
        Email: Hamilton.marci@gmail.com

CERTIFICATION OF SERVICE
---

      I hereby certify that on August 30, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

                      /s/ Joseph P. Williams
                      Joseph P. Williams

2947781v1