THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO: |
| v. | ) ) ) ) | 3:12-cv-00949 (MPS) |
| CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION, | ) ) ) ) | |
| Defendants, and | ) ) | December 6, 2013 |
| STONEGATE CONDOMINIUM ASSOCIATION, INC. | ) ) ) | |
| Intervener-Defendant. | ) | |

## **MOTION FOR PERMISSION TO FILE SUR-REPLY**

Plaintiff Al Madany Islamic Center of Norwalk, Inc. ("Al Madany"), in accordance with the instructions posted on this Court's website, moves this Court for permission to file the Sur-Reply in Further Support of Its Opposition to Defendants' Motion for Judgment on the Pleadings for Failure to State a Claim that is attached hereto as Exhibit A.

On November 26, 2013, this Court held oral argument on Defendants' Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Judgment on the Pleadings for Failure to State a Claim, ECF No. 131. During argument, defense counsel contested the validity of the application of prior restraint doctrine to Norwalk's Zoning Regulations ("Regulations") as a general matter, and this Court inquired as to the scope of prior restraint claims.

Because the doctrinal underpinnings of prior restraint claims were not attacked in the

Defendants' opening brief, *see* Defs.' Mem. 36-37, ECF No. 132, the broader contours of such claims were never briefed to this Court. The Defendants' opening brief only argued that part of Count V should be dismissed because speech was not "suppressed or otherwise prohibited or limited[]" by the Regulations and that the decision to deny Al Madany's special permit application was not the product of viewpoint discrimination. *Id*. Similarly, in the portion of the Defendants' Reply devoted to their motion under Fed. R. Civ. P. 12(c), the Defendants merely argued that the Regulations did not invest significant discretion in the hands of the City of Norwalk Zoning Commission. *See* Defs.' Reply 14-15, ECF No. 160.

Defendants' only mention about the scope of relief can be found in a footnote in the Reply's discussion of ripeness, which argues that it is irrelevant that facial challenges are ripe when filed because Al Madany's prior restraint claim was "a vague and incomprehensible attack on special use permit systems generally." *Id*. at 4 n. 4. While this footnote asserts that this argument was made at page 34 of their opening brief, *see* Defs.' Reply 4 n. 4, that page only addressed Al Madany's claim under RLUIPA's unreasonable limits provision, 42 U.S.C. § 2000cc(b)(3)(B), *see* Defs.' Mem. 34, and none of the case law cited thereon addresses any free speech or association claims—prior restraint or otherwise, *see id*.

In sum, the argument about the scope of relief sought in Count V became the focus of oral argument on this claim, even though the Defendants had only vaguely and passingly referenced the scope of relief in a footnote in their Reply. At oral argument, counsel for Al Madany directed this Court to two cases cited in its Opposition Brief where other courts had either sustained or granted relief in response to claims that the application of zoning regulations similar to Norwalk's special permit scheme constituted a prior restraint of conduct protected by the First Amendment. However, Al Madany believes that the Court would be assisted by a short

brief to address an issue that Al Madany was never afforded a fair opportunity to address in its Opposition. In light of this Court's questions, and in the interests of fairness, Al Madany respectfully requests this Court's permission to file the attached four-page brief, which concisely addresses the doctrinal underpinnings of the prior restraint doctrine and draws this Court's attention to cases where it has been applied to invalidate the discretionary application of vague zoning criteria to protected conduct.

Dated: December 6, 2013.

Respectfully Submitted,

/s/ Peter K. Vigeland
Peter K. Vigeland
*Admitted pro hac vice*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center, 250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8807
peter.vigeland@wilmerhale.com
Fed. Bar #CT 24180

John F. Fallon
53 Sherman Street
Fairfield, CT 06824
Tel: (203) 256-3247
jfallon@snet.net
Fed. Bar # CT 06085

Roman P. Storzer
*Admitted pro hac vice*
STORZER & GREENE, P.L.L.C.
1025 Connecticut Avenue, Northwest
Suite One Thousand
Washington, D.C. 20036
Tel: (202) 857-9766
storzer@storzerandgreene.com

*Attorneys for Plaintiff Al Madany Islamic Center of Norwalk, Inc.*

## **Certification of Service**

This is to certify that on this 6th day of December, 2013, a copy of the foregoing Motion for Permission to File Sur-Reply was filed electronically and served by mail on anyone unable to accept electronic filling. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Peter K. Vigeland  
Peter K. Vigeland
