UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AL MADANY ISLAMIC CENTER OF NORWALK, INC., a Connecticut non-stock Corporation, | CIVIL ACTION NO: |
| Plaintiff, | 3:12-cv-00949 (MPS) |
| v. | |
| CITY OF NORWALK, CONNECTICUT, and CITY OF NORWALK ZONING COMMISSION, | |
| Defendants. | JANUARY 6, 2014 |

## JOINT MOTION FOR EXTENSION OF DISCOVERY DEADLINES AND FOR REFERRAL TO MAGISTRATE JUDGE FOR MEDIATION

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the plaintiff and the City of Norwalk defendants in this matter hereby respectfully request a six-week extension of the current deadlines to complete discovery to provide the parties the opportunity to concentrate their efforts on attempting to settle this case by mediation. In support of this motion, the parties jointly represent as follows:

1.  Since the Court issued its December 4, 2013 Order [doc. #194] granting in part and denying in part the parties' Joint Motion for Extension of Time [doc. #186], the parties have continued to pursue diligently the completion of discovery. Among other things:

    a.  The plaintiff disclosed the expert report of its religious expert, Dr. Ingrid Mattson, on December 2, 2013. The defendants conducted the deposition of Dr. Mattson in New York on January 3, 2014.

    b.  The plaintiff conducted the deposition of defendants' traffic expert, Joseph Balskus, on December 19, 2013.

    c. The defendants produced additional electronically stored information ("ESI") from the City of Norwalk's servers on December 13 and December 24, 2013, as well as additional special permit files requested by the plaintiff on December 4 and 13, 2013. In accordance with this Court's Orders of December 19, 2013, the defendants also produced documents previously withheld pursuant to the marital communication privilege, as well as a redacted version of the May 15, 2012 email on which Commissioner Adam Blank was copied, on December 23, 2013.

    d. The plaintiff is searching the email accounts of the individual members of the Al Madany board and will produce any additional responsive, non-privileged ESI.

    e. The defendants are currently undertaking additional searches on the City of Norwalk's servers to ensure that all relevant ESI has been located and produced, and will produce any additional responsive, non-privileged ESI. In addition, the defendants have begun searching the personal email accounts of the individual Zoning Commission members who voted on the plaintiff's special permit application, and will produce responsive, non-privileged ESI upon completion of those searches.

  2. Now that fact discovery has further advanced and the parties have a better understanding of the various expert witness opinions, the plaintiff and City of Norwalk defendants have conferred and have agreed that they wish to renew settlement discussions at this time. The parties further believe that these discussions will benefit from being facilitated by a mediator.

  3. The plaintiff and City of Norwalk defendants therefore request that the Court refer this case for mediation to either Magistrate Judge Martinez, who already conducted two unsuccessful mediation sessions with the parties, or Magistrate Judge Garfinkel. The parties are willing to accept this Court's decision as to which Magistrate Judge would be best suited for this task.

4. To facilitate their efforts at resolving this matter, the parties request a six-week extension of all current deadlines for the completion of discovery, including remaining expert disclosures and depositions, along with the deadlines for dispositive motions and the Joint Trial Memorandum. The parties do not contemplate taking depositions or disclosing additional expert reports during this six-week extension. The reasons for not doing so are twofold: first, given the dense schedule of fact witness depositions that the parties have planned for the month of January, the parties believe that the requested extension will enable them to focus their time and attention on making their best efforts to resolve the matter, and, second, a motivating factor for each party in pursuing mediated settlement discussions is avoidance of the costs and expenses associated with those depositions and expert reports. The parties are reasonably hopeful that an extension of six weeks will provide sufficient time to schedule and conduct a mediation and to know whether the case is likely to settle.

5. In this motion, the parties are *not* seeking to stay their obligations to complete document discovery in this matter. Rather, the parties have agreed that, even if this motion is granted, they will complete the production of any remaining responsive, non-privileged ESI.

For the foregoing reasons, the plaintiff and the City of Norwalk defendants respectfully request a six-week extension of the current deadlines concerning completion of discovery and subsequent filings (with the exception of production of ESI), and that the case be referred to a Magistrate Judge for mediation.

PLAINTIFF,
AL MADANY ISLAMIC CENTER OF NORWALK, INC.

/s/ Peter Vigeland
Peter Vigeland, *pro hac vice*
Wilmer, Cutler, Pickering, Hale & Dorr, LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone (212) 230-8888
Email: Peter.vigeland@wilmerhale.com


DEFENDANTS,
CITY OF NORWALK AND CITY OF NORWALK ZONING COMMISSION

/s/ Joseph P. Williams
Joseph P. Williams (ct14809)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone (860) 251-5000
Facsimile (860) 251-5218
Email: jwilliams@goodwin.com

CERTIFICATION OF SERVICE

      I hereby certify that on January 6, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

      /s/ Joseph P. Williams
      Joseph P. Williams

3152909v1